TEXAS CENTRAL RAILWAY COMPANY v. W. B. PHILLIPS.

Decided April 19, 1905.

**Negligence—Assumed Risk—Contributory Negligence.**

Evidence in an action by a car inspector, injured through the backing of an engine against a string of cars while he was between them, held to raise the issues of defendant's negligence and of contributory negligence and assumed risk on plaintiff's part, and to warrant the jury's verdict in plaintiff's favor.

Appeal from the District Court of Bosque. Tried below before Hon. Nelson Phillips.

*H. S. Dillard, Lockett & Cureton* and *Clark & Bolinger,* for appellant.—The entire evidence fails to show that the appellant or its servants or agents were negligent in respect to any acts or omissions in the movement of its engine against said cars, causing any injury to appellee, there being no evidence of negligence of any character against appellant, and a new trial should have been granted on this ground. Flores v. Atchison, T. & S. F. Ry. Co., 66 S. W. Rep., 709; Rodigues v. International & G. N. Ry. Co., 64 S. W. Rep., 1105; Roe v. Thomason, 61 S. W. Rep., 528; Merchants' and Planters' Oil Co. v. Burns, 96 Texas, 573; Latremouille v. B. & R. Ry. Co., 48 Am. Eng. R. R. Cases, 265; Rea v. St. L. S. W. Ry. Co., 73 S. W. Rep., 555.

The undisputed evidence, including the admission of the appellee, establishes conclusively that appellee's injuries were caused solely by his own gross contributory negligence in crawling under the gravel car of appellant at the time when he must have known that it was dangerous to do so, and this without the knowledge of appellant's engineer operating a switch engine in the yards. Southern Pac. Ry. Co. v. Wellington, 65 S. W. Rep., 219; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 117; Crawford v. Houston & T. C. Ry. Co., 89 Texas, 89; Galveston, H. & S. A. Ry. Co. v. Ryon, 80 Texas, 59; Fort Worth & D. C. Ry. Co. v. Wyatt, 79 S. W. Rep., 349; Beech on Contributory Negligence, 583, 538.

The evidence conclusively shows that appellee voluntarily, and without the knowledge of appellant's engineer, and without taking any steps to give notice of his act, crawled under and concealed himself beneath a freight car at a time and under circumstances that rendered such act an act of danger, and that such danger was obvious and known to appellee, and by doing so he assumed the risk of injury, and can not recover, even though the appellant or any of its employes were guilty of negligence. Hettich v. Hillje, 77 S. W. Rep., 641; Gulf, C. & S. F. Ry. Co. v. Gray, 63 S. W. Rep., 927; Texas & P. Ry. Co. v. Bryant, 27 S. W. Rep., 826; Texas & N. O. Ry. Co. v. Bingle, 29 S. W. Rep., 674; Ely v. S. A. & A. P. Ry. Co., 40 S. W. Rep., 174; Southern Pac. Ry. Co. v. Wellington, 65 S. W. Rep., 219; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Latremouille v. B. & R. Ry. Co., 48 Am. Eng. R. R. Cases, 265; I. & G. B. Ry. Co. v. Storey, 62 S. W. Rep., 130.

*D. W. Odell* and *Knight & Schenck,* for appellee.—1. It is no answer to the charge of negligence, in failing to blow the whistle or ring the bell, to say that the defendant's engineer did not know of the plaintiff's situation at the time the engine was moved against the gravel cars, because it is the law that, where the person injured is an employe of the defendant at the time, in the discharge of his duties, in the proper place, it is altogether immaterial that the person responsible for the injury did not know of the situation of the person injured. Texas & P. Ry. Co. v. Watkins, 29 S. W. Rep., 232; Galveston, H. & S. A. Ry. Co. v. Courtney, 71 S. W. Rep., 308; Dewalt v. Houston, E. & W. T. Ry. Co., 55 S. W. Rep., 534.

2. The running of the engine backwards along the main track through the yards and against the gravel cars without warning or signal was negligence. Texas & P. Ry. Co. v. Watkins, 29 S. W. Rep., 232;

Louisville & N. Ry. Co. v. Lowe, 80 S. W. Rep., 786; 2 Thompson on Negligence, sec. 1839; Southern Ry. Co. v. Otis, 78 S. W. Rep., 480.

3. The court did not err in overruling the defendant's motion for a new trial· on the ground that the plaintiff was guilty of contributory negligence, because whether plaintiff was guilty of contributory negligence or not was a question of fact to be left to the jury, and because the evidence was abundantly sufficient to justify the jury in finding that plaintiff was not guilty of contributory negligence. Lee v. International & G. N. Ry. Co., 36 S. W. Rep., 63; International & G. N. Ry. Co. v. Penn, 79 S. W. Rep., 624; International & G. N. Ry. Co. v. Reeves, 79 S. W. Rep., 1099; International & G. N. Ry. Co. v. Moynahan, 76 S. W. Rep., 803; Texas Midland Ry. Co. v. Crowder, 64 S. W. Rep., 90; International & G. N. Ry. Co. v. Villareal, 82 S. W. Rep., 1003; Galveston, H. & S. A. Ry. Co. v. Courtney, 71 S. W. Rep., 308; Galveston, H. & S. A. Ry. Co. v. Quay, 66 S. W. Rep., 219; Texas & P. Ry. Co. v. Watkins, 29 S. W. Rep., 232.

4. The court did not err in overruling the motion for a new trial on the ground stated therein, that the plaintiff had assumed the risk of being injured while examining the old cinder car, because the evidence abundantly shows that the cause and manner of plaintiff's injuries were not ordinary risks arising out of the nature of his employment, but where the negligent acts of the employer, and because the causes of his injuries were not such dangers as were known or obvious to him. International & G. N. Ry. Co. v. Gourley, 54 S. W. Rep., 307; Galveston, H. & S. A. Ry. Co. v. Courtney, 71 S. W. Rep., 308; Missouri, K. & T. Ry. Co. v. Felts, 50 S. W. Rep., 1031.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a judgment for $7,250 recovered by appellee for personal injuries inflicted by the negligence of the appellant.

*Conclusions of Fact.*—On the 31st of January, 1903, appellee was in the employ of appellant as a car inspector at Walnut Springs; and while engaged in the duties of his employment was, without negligence on his part or from risk assumed by him, seriously and permanently injured by the negligence of appellant, to his damage in the amount found by the jury.

*Conclusions of Law.*—It is complained in the first assignment of error that the evidence wholly fails to show negligence on the part of appellant; in the second, that the evidence conclusively shows that appellee was guilty of contributory negligence; and in the third that his injuries resulted from a risk assumed by him. The evidence upon which is based our action in overruling these assignments, and our reason for doing so, will be briefly stated.

We will first observe that all the evidence upon these issues was introduced by appellee, and consisted principally of his own testimony, the appellant having rested its case upon appellee's evidence, without introducing any testimony at all. Walnut Springs is and was when the accident occurred the end of a division on appellant's road where a

turntable was maintained with a track extending therefrom connecting it with the main line of railway. Extending east from the turntable track there were four spur tracks upon which trains, cars and engines could be switched and placed from and onto the main track. Just south of the turntable track are situated appellant's blacksmith and machine shops. North of the main track, near where it is intersected by the turntable track, is situated the depot; west of the depot appellant's general office, west of the office a storehouse and west of it a coal chute, all north of the main track. The distance from the blacksmith shop to the depot is about 300 feet.

The engines of appellant's trains were changed, and the cars inspected when the trains came in. And the duty of appellee under his employment was to make such inspection. On January 31, 1903, appellee started from the blacksmith shop to the depot for the purpose of meeting and inspecting the eastbound train which would be due in ten or fifteen minutes. When he had gone about half way between the machine shop and the depot, Mr. Franklin, the hostler who handled appellant's engines in the yard at Walnut Springs, who was moving the engine for the westbound train slowly up the turntable track, called to him from the cab and told him that there was a hot box on one of the gravel cars which he (Franklin) had brought in and left standing on the main track east of the depot, and that he (appellee) had better go and fix it. Appellee replied "all right, I will go now," and turned and went towards said cars. When he reached the gravel cars, noticing that the lid had been lifted from the hot box, he replaced it and then made a cross mark on it with a piece of chalk so he could identify it when he should have time to repair it. As he did this, he noticed an old car that had been used as a cinder car, standing there loaded with gravel; and, for the purpose of inspecting its draft timbers, he stooped between the cars, and while in such position he heard the rolling or rattling of something which caused him to raise his head and it was caught and mashed between the aprons of the cars by reason of Franklin's driving his engine against said cars, thus causing his injuries.

At the time there was another engine standing on the main track just east of the gravel cars ready to take out the train when it came in from the west. The engine Franklin was on was to take out the train from the east when it arrived, and was not for doing switching in the yards. Cars were sometimes, as were the gravel cars on this occasion, left standing on the main track. When in the position they were, the usual method of clearing the track was for the engine of the train coming from the west to be detached and then coupled onto the standing cars and pull them off by way of the turntable track. Then the other engine designed for the train was backed down, coupled onto it and proceeded on its journey with the train. No signal or warning of any kind was given of the approach of the engine as it was run down the main track against the gravel cars. The first notice of danger appellee had was the "rolling or rattling" noise he heard which caused him to raise his head.

The appellee was in the discharge of the duties of his employment, where duty required him to be. He had told Franklin he was going

there to see about the hot box, and as Franklin did not meet him when he was driving his engine down the main track towards the gravel cars, he must have known, if he did not really see him, appellee was there or thereabouts.

Franklin having a short time before left the gravel cars there and taken out the engine for the westbound train, appellee 'had no reasons to apprehend that he would come down the main track and drive his engine against the standing cars, but had the right to believe that appellant would pursue the usual method 'of removing the gravel cars from the track, i. e., they would be removed by the engine of the eastbound train· when it came in.

From these facts we are not able to say as a matter of law either that appellant was not guilty of negligence, or that appellee was guilty of contributory negligence, or that his injuries resulted from an assumed risk, but we conclude both these issues were of fact for the jury. For cases in point see G., H. & H. Ry. Co. v. Levy, 79 S. W. Rep., 879; Texas & N. I. Ry. Co. v. McDonald, 85 S. W. Rep., 493; St. Louis S. W. Ry. Co. v. Brown, 69 S. W. Rep., 1010.

Our conclusions of fact dispose of the remaining assignments. Affirmed.

*Affirmed.*

Writ of error refused.