W. C. SICKLES v. MISSOURI, KANSAS & TEXAS RAILWAY CO. OF TEXAS.

Delivered April 8, 1896.

**1.  Evidence Unnecessary—Negligence not Disputed.**

Where a charge of negligence made by plaintiff is not controverted by defendant, and the instruction of the court assumes its existence, evidence of the reason of the negligence is immaterial.

**2.  Railway Company—Right of Passenger to Pass From one Coach to Another—Evidence.**

The exclusion of evidence that it was customary for passengers to pass over the platforms of the cars in going from one coach to another, and that they habitually did so, is harmless error, where there was no contest on the point, and the court charged that such right existed.

**3.  Evidence—Opinion of Witness—Immaterial.**

An answer to the question "whether or not the exercise of the highest degree of care by the defendant railway company would have placed its roadbed and track in any safer condition for the running of its trains," was properly excluded, both because it called for the opinion of the witness, and because none of the evidence tended to show that the condition of the track had any connection with the accident.

**4.  Charge of Court—Undisputed Facts.**

The undisputed facts showing that the train on which the plaintiff was riding, with its platforms, couplings, lights, etc., was such as was usual and customary with

all passenger trains then being operated in Texas, it was not error to so instruct the jury.

**5. Practice on Appeal—Assignment of Error—Proposition Not Supported.**
An assignment of error was urged to the above charge, as being upon the weight of the testimony and invading the province of the jury. Held, that such assignment will not support a proposition that it is the duty of railroads to adopt improved appliances and methods of operation.

**6 Charge of Court—Burden of Proof—Contributory Negligence.**
A charge that the "burden is devolved upon the plaintiff to make out his case as charged, and show his right to recover by a fair preponderance of evidence," does not impose upon him the burden of proving that he was not guilty of contributory negligence.

**7. Same—Simple Explanation Better Than Technical Definitions.**
The refusal to give a special instruction containing technical definitions of proximate cause and contributory negligence is not error, where the charge given contains an explanation of the law as applied to the facts that was much more intelligible to the average jury than any mere definitions could have been.

**8. Railway Company—Personal Injuries—Proximate Cause.**
The car in which plaintiff was riding was not properly heated, and he attempted to pass from it to another, to find a warmer one, and fell from the platform and was injured. Held, that the failure to heat the car was not the proximate cause of the injury.

**9. Same—Same—Contributory Negligence.**
Under the facts above stated, plaintiff cannot excuse himself from the charge of contributory negligence on the ground of an instinctive effort to escape peril, since that rule applies only to cases of sudden emergency, when there is no time given for cool reflection.

Appeal from Dallas. Tried below before Hon. R. E. Burke.

*Chas. I. Evans* and *R. D. Coughanour*, for appellant.

*Alexander, Clark & Hall*, for appellee.

FLY, Associate Justice.—Appellant sued appellee for damages resulting from his slipping and falling from a train of appellant, while in rapid motion near Greenville, Texas. Appellee pleaded contributory negligence. A trial by jury resulted in a verdict for appellee.

The evidence shows that about 3 o'clock a. m., on March 26 or 27, 1894, appellant got into a passenger coach of appellee at Denison, to be transported from that point to Dallas, by way of Greenville. It was a cold night, and the car was not properly heated, and after passing several stations, at which the train made stops, and when near Greenville, appellant, while the train was in rapid motion, in order to find a warmer place, attempted to pass from the car he was occupying to one in front, and when on the platform slipped and fell to the ground, where, after several hours, he was found in an unconscious condition. He sustained serious and permanent injuries. The evidence does not disclose any negligence on the part of appellee that had any direct connection with the disaster, but the injury resulted from carelessness and recklessness on the part of appellant.

There was no attempt to controvert or traverse the testimony of ap-

pellant that it was cold in the car which he entered at Denison, and that he requested the porter to build a fire in the car, and the request was not complied with, and consequently what the porter said in regard to the furnace being out of order would not have added any force to the proof of negligence of the railroad company in failing to have the car heated. The negligence complained of was the failure to heat the car, and it can readily be seen that giving the reason made by the porter for the negligence added nothing to the proof of negligence. It was assumed in the charge that the car was not properly heated.

In the second and fourth assignments of error, appellant complains of the refusal of the court to permit him to prove that it was customary for passengers to pass over the platforms of the cars in going from one coach to another, and that passengers habitually did so. There was no contest on this point, and while, we think, it might have properly been admitted, still appellant certainly sustained no injury from its exclusion; for if it was not a matter of such general observation that it required no proof, the court in his charge instructed the jury that appellant "had the right, if he so desired, to pass from one coach to another in quest of a warmer coach." This charge assumes that he had as a legal right, all that he could have possibly obtained from a consideration of the rejected testimony. If he had the legal right to pass from one coach to another, then it was not an act in itself that showed negligence; but the conditions and circumstances surrounding the act would indicate its character, and so the jury was instructed. This is the correct rule. It is not an act of negligence for a passenger to pass from one car to another of a railroad train while it is in motion, but he assumes the risk incident to such undertaking from ordinary causes. The liability of the railroad company in such cases depends upon proof of negligence on its part that rendered the passage more than ordinarily dangerous, which could not be anticipated by the passenger. Ray on Negligence of Imposed Duties, Passenger Carriers, sec. 120. The rule is thus stated in Massachusetts: "If there is no regulation of the company forbidding it, it must be that passengers have the right to go from one car to another while the train is in motion, when their convenience requires it, and subject to the risks which are incident to such a proceeding." Dewire v. Railway, 148 Mass., 343, 2 L. R. A., 166.

The question was asked the witness M. Hale, "whether or not the exercise of the highest degree of care by the defendant railway company would have placed its road-bed and track in any safer condition for the running of its passenger trains?" The answer to this question was properly excluded. None of the evidence tended to show that the condition of the track had any connection with the accident, and if it had been otherwise, the answer was objectionable as calling for an opinion on a question to be determined by the jury from the evidence. The witness fully testified as to the condition of the track, and stated that it was inferior to the condition of roads in other parts of the country.

The undisputed facts showed that the train, with its platform, coup-

ling, lights, etc., on which the plaintiff was riding at the time, was such as was usual and customary with all passenger trains then being operated in Texas, and it was not error to so instruct the jury. This charge is objected to on the ground that it was upon the weight of the testimony, and invaded the province of the jury, and error can be urged only on the grounds assigned. Under this assignment, however, appellant has a proposition as to the duty of railroads to adopt improved appliances and methods of operation. No such proposition could legitimately grow out of the assignment in question, and will not be considered.

The proposition under the sixth and tenth assignments presents as error the action of the court in charging the jury that it was the duty of the railroad company to use all ordinary care to have its road kept in reasonably safe repair and condition over which to operate its trains, and in refusing to give a special charge on the subject asked by appellant. Appellant says in his brief: "This general charge and the special instruction were intended to meet that phase of the case which presents the question that the rocking, jumping and oscillation of the cars, caused by the rough condition of the track, may have been the proximate cause of the injuries received by appellant." A sufficient answer to this is, that the testimony does not in any manner indicate that the road was rough, or that there was any "rocking, jumping and oscillation of the cars."

The court charged the jury that "the duty and burden is devolved upon the plaintiff to make out his case as charged, and show his right to a recovery by a fair preponderance of evidence, and if he has failed to do this, no recovery can be had." This is objected to, as imposing upon appellant the burden of proving that he was not guilty of contributory negligence. It imposed upon appellant the burden of proving his case as charged, that is, as alleged in the petition.

The court gave clear instructions to the jury applicable to the facts, and it was not error to refuse to give the special instruction set out in the eighth assignment. While there are no technical definitions of proximate cause and contributory negligence in the charge, yet there was an explanation of the law as applied to the facts that was of much more assistance to the jury than any mere definition could have been. In addition to other charges on the same subject the following charges were given by the court: "The plaintiff had the right, if he so desired, to pass from one coach to another in quest of a warmer coach, and it is for you to say, from all the evidence before you, whether in doing this or in attempting to do this, under all the conditions and surrounding circumstances at the time, he acted as a man of ordinary prudence and caution would have acted. If you find and believe that he did not act as a person of ordinary prudence and caution would have acted, then no recovery can be had by him in this action, although you may find and believe from the evidence that the defendant company was negligent in one or both respects above referred to." This was much more intelligi-

ble to the average jury than the technical definitions requested by appellant.

The special charge asked by appellee and given by the court, is not open to the objections urged in the ninth assignment. The acts of negligence alleged in the petition, as epitomized in the brief of appellant, are as follows: "(1) The failure to have its passenger coach in which plaintiff was seated properly heated, and thus rendering it necessary for plaintiff to attempt to pass from it into a warm coach, for the purpose of avoiding the inconvenience and danger to his health resulting from his exposure to the cold in said unheated coach.

"(2) The failure to have lanterns on the platforms of its cars, so as to light the passage between the coaches.

"(3) The failure to have its roadbed in a good, smooth condition, so as to prevent its cars from rocking and violently oscillating when running at great speed.

"(4) The failure to keep the platforms of its coaches free from ice, frost and other foreign substances, whereby the safety of its passengers were greatly endangered when rightfully attempting to pass from one coach to another.

"(5) The failure to provide guards, gates or railings around the platforms of its coaches, or to provide and inclose said platforms with vestibules, by continuous inclosures from one coach to another, so as to insure, or at least to promote, safe passage between them."

The proof sustains the first ground. No connection was shown between the second and the accident. The platforms on the occasion of the accident were lighted, by light coming through the doors, as is the universal custom. There was no proof to sustain the third and fourth grounds, and it appeared that it was not usual or customary for coaches to have guards or railings around the platforms. Appellant had full knowledge of the structure of the platforms, and assumed that risk when he attempted to pass from one car to another at night, on a swiftly moving train. Appellant, to recover, must have done so on account of the negligence of appellee in failing to heat the coach in which he was riding. To recover on this ground, it must have been the proximate cause of the disaster that happened to appellant. "By proximate cause is meant such an act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause. It need not necessarily be the last or sole cause, but it must be a concurring cause such as might reasonably be contemplated as involving the result under the attending circumstances." Railway v. Sweeny, 6 Texas Civ. App., 173.

What was the proximate cause of appellant's injury? Was it the failure to heat the car, which rendered him uncomfortable, or was it a lack of care on his part in passing from the cold coach to another. It is often a matter of much difficulty to arrive at a correct conclusion as to the proximate cause of an injury, but we are of the opinion that the failure to heat the car was not the proximate cause of the injury to ap-

pellant.   As said in Railway v. Kellogg, 94 U. S., 475, "It is generally held that, in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural cause and probable consequence of the negligence or wrongful act, and that it ought to have been fore-seen in the light of the attending circumstances."   Was the fall of ap-pellant from the platform the natural and probable consequence of the negligence in not heating the car; and ought it to have been foreseen, in the light of the attending circumstances?   We think not.   However, as said in the same case, "the rule is, that what is the proximate cause of an injury is ordinarily a question for the jury.   It is not a question of science or legal knowledge.   It is to be determined as a fact, in view of the circumstances of fact attending it."   On the same points, see Jones v. George, 61 Texas, 345, and Eames v. Railway, 63 Texas, 660.

The contention of appellant that the failure to heat the car placed him in such a position that he was compelled to adopt the perilous pas-sage from one car to another while the car was moving rapidly, is not sound in view of the facts.   The rule that instinctive effort to escape peril, either real or apparent, brought about by negligence of the car-rier, is not contributory negligence, is only applicable in instances where the acts or omissions have thrown the person off his guard, or where he is overcome by sudden terror.   It applies to actions in cases of sudden emergencies, when there is no time given for cool reflection.

The case was fairly presented to the jury, and was determined against appellant.   We do not think the verdict should be disturbed.

The judgment is affirmed.

*Affirmed.*