## CAMMACK *v*. NEWMAN.

### Opinion delivered May 11, 1908.

TRIAL.—OPENING AND CONCLUSION OF ARGUMENT.—In an action upon promissory notes where the defendants admit the execution of the notes, except that the date, which was a week day, was not correct, and aver that the notes were made, executed and delivered to plaintiffs on Sunday, the burden of proof was upon plaintiffs, and they were entitled to open and conclude the argument.

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; affirmed.

*J. C. Norman* and *R. E. Wiley,* for appellants.

1. The burden was on defendants and they were entitled to open and conclude. Kirby's Digest, § § 3107, 6196; 82 Ark. 331; 32 *Id.* 593; 29 *Id.* 153; 59 *Id.* 140, 143; 61 *Id.* 627.

2. It was error to refuse to require plaintiff to produce the original books of account and to admit the duplicate accounts. No foundation was laid for the admission of secondary evidence.

*George & Butler,* for appellees.

1. The demand for the original books was unreasonable. Their admission was a matter within the discretion of the court, and no abuse is shown. Kirby's Digest, § 3074; 10 Ark. 428; 21 *Id.* 329; 5 *Id.* 208. The petition to admit the books was not verified. Kirby's Digest, § 3075.

2. The opening and closing is also a matter of discretion. The plaintiffs had to prove the date of the execution of the notes, and that it was a weekday, that defendants subsequently ratified them, if executed on Sunday, and that the charge and contract, if usurious, were not made with defendants but another. This threw the burden on them, and hence the right to open and close followed. 74 Ark. 607; 32 *Id.* 470.

HILL, C. J. Appellants present several matters for which they ask a reversal, and all have been considered, but there is only one of any moment, and that is the one which is stressed by the appellant: whether there was error in refusing to give appellants the opening and closing arguments in the trial.

The suit was brought by the appellee corporation against Cammack and Norman upon two promissory notes, which were attached as Exhibits A and B to the complaint, each for $684.01, and each dated the 5th of May, 1905. The case was tried upon the complaint and a substituted answer. The first two paragraphs of the latter were as follows:

"1. They admit that said plaintiff is a foreign corporation, and they also admit that it has complied with the laws of Arkansas permitting it do business in this State.

2. Defendants admit the execution of the notes sued on, but deny that they are a legal demand against them, because they say that said notes were made, executed and delivered to plaintiffs on Sunday."

Subsequent paragraphs of the answer set forth other defensive matter which is not material for consideration here. After the jury was impanelled and the pleadings presented, the defendants (appellants here) contended that the burden of proof rested upon them, as they had admitted the execution of the notes, and asked to assume the burden and be allowed to open and close the argument. The court overruled their motion to this effect, and the plaintiff (appellee) introduced the notes in evidence and proved that May 5th fell upon Friday.

Appellants rely upon *Roberts* v. *Padgett,* 82 Ark. 331, to sustain them in their contention that under the pleadings they were entitled to take the burden and consequently to open and conclude the argument. That case decided that the burden, being on the defendant under the pleadings at the start, remained on him till the end, and repeated the doctrine of many previous cases that the party upon whom the burden of proof rested had the right to open and close the argument. It undoubtedly sums up correctly the law upon this subject, and the court determines this case in accordance with the principles therein announced.

The question, therefore, is simply whether, under the pleadings above set out, the burden rested upon plaintiff to make out

its case; did the answer admit sufficient to entitle the plaintiff to recover without introducing any evidence, thereby shifting the burden to the defendants?

The notes on their face showed that they were executed the 5th of May, 1905, which day was Friday. The answer admits that the notes were executed, but does not admit that they were executed on the 5th day of May, 1905, or any other date which would make them valid, and denies their validity, and alleges that they were executed and delivered on Sunday. This was necessarily a denial that they were executed on the 5th of May.

The admission here is not broad enough to have entitled the plaintiffs to have recovered without introducing evidence. The admission only goes to part of the note—that is, that it was executed—and where this is coupled with the denial that it was executed and delivered on a week day, evidence would be necessary to make out a *prima facie* case. The *prima facie* case is made out when the note is introduced bearing date on a week day; for no presumption would be indulged against the truth of the date upon the note. Until the admission was as broad as the note itself, the plaintiff was entitled to introduce the note as evidence, so as to make out a *prima facie* case, for it took all, not part, of the note to make out such a case.

This seems to have been an effort, by a partial admission, to gain an advantage without making the admission equal to the evidentiary value of the note. The whole of the note, its date as well as its amount, tenor and terms, must be admitted before the burden would be shifted from the plaintiff, and consequently it was right for the plaintiff to introduce the notes and thereby make out a *prima facie* case entitling it to judgment as prayed.

Finding no error, the judgment is affirmed.