## WALTER NAGLE ET AL. v. J. E. SIMMANK ET UX.

### Decided March 15, 1909.

**1.—Demurrer—Pleading not Called to the Attention of the Court.**

An assignment of error complaining that the court erred in not sustaining a general demurrer to a plea of intervention, is not supported when it does not appear that the demurrer was called to the attention of or was acted upon by the trial court.

**2.—Parol Evidence—Mortgage—Deed Absolute on its Face.**

As between the parties parol evidence is admissible to prove that a deed, absolute on its face, was security for debt and therefore a mortgage.

**3.—Charge—Weight of Evidence—Undisputed Facts.**

While it is true that the judge should not in his charge assume that a controverted fact has been proven, it is equally true that he may assume the truth of evidence when the facts are undisputed.

**4.—Mortgage—Absolute Deed—Charge.**

Where the husband and wife sought to cancel a deed conveying the business homestead and absolute on its face on the ground that it was a mortgage, a charge that if they intended to make an absolute deed to the property, yet if the wife understood at the time she signed and acknowledged it that they had the right "as explained by the notary" upon the payment back of said sum of money to have the property reconveyed to them, to find for the plaintiffs, was not subject to objection as being on the weight of evidence, both the wife and the notary who had no interest having testified that such explanation was made to her by him and their testimony being undisputed.

**5.—Same—Homestead—Intention of Grantors.**

The mere fact that the husband and wife did not intend by their deed, which was absolute on its face, to convey the absolute title to the business homestead but only to secure the debt, would not determine the character of the conveyance if the grantee understood and accepted the deed as an absolute conveyance in payment of his debt.

**6.—Charge—Invited Error.**

A party can not on appeal call in question the accuracy of a charge given

by the judge when it embraces the same instruction contained in a charge requested by the party complaining, whether the requested charge be given or refused, unless it appears that the judge was not misled in the matter by the requested charge.

### 7.—Same—Homestead—Mortgage—Deed.

An instruction that whether an instrument conveying the homestead was an absolute deed or not depended on the intention of the husband and wife regardless of any intention or understanding by their grantee, was erroneous; but as the defendant requested and the court gave a charge to the same effect, and it did not appear that the requested charge was not responsible for the error in the general charge, he must be held to have invited the error.

Appeal from the District Court of Austin County. Tried below before Hon. L. W. Moore.

*Bell, Johnson, Matthaei & Thompson* and *C. G. Krueger,* for appellants.—The court erred in permitting the plaintiff and intervener to introduce evidence of an independent verbal contract varying the terms of the written deed, which was a violation of the well-settled principles of law regulating the introduction of evidence, and in charging the jury that if they believe that such contract was made, or that it was the understanding of plaintiff and intervener at the time of the signing and acknowledging of the deed that said deed was or should operate as a mortgage, then to find for plaintiff. Said charge was in contravention of the statute of frauds. A contemporaneous parol agreement can not be set up to vary the terms of a written contract. Hunt v. White, 24 Texas, 650; Bedwell v. Thompson, 25 Texas Sup., 246; Faires v. Cockerell, 88 Texas, 428.

A court shall not charge upon the weight of the evidence. The court in its charge instructed the jury as follows: "The subsequent act of the plaintiff and wife in dealing with said property as by renting or otherwise, was introduced only as a circumstance to enable the jury to determine the intent of the deed at the time of the execution, and even if the deed was originally for the purpose of borrowing $300 and reconveying the land upon payment back of this sum, then such renting would not defeat the right of plaintiff to recover in this suit if the husband and Nagel intended to make an absolute deed to the property, yet, if the wife understood at the time she signed and acknowledged the deed that they had the right as explained to her by the notary, upon payment back of said sum of money, to have the deed to the property reconveying it back, then you shall find for plaintiff. Rev. Civil Statutes, art. 1317; Bell v. Hutchings, 41 S. W., 200; Kershner v. Latimer, 64 S. W., 237; Watkins v. Cates, 59 S. W., 1123; White v. Epperson, 32 Texas Civ. App., 162; Missouri, K & T. Ry. Co. v. O'Connor, 51 S. W., 512.

*Brown & Lane,* for appellees.—A deed absolute on its face may be controverted by parol evidence showing that it was intended as a mortgage. The court should have admitted evidence showing the facts and circumstances connected with and attending the transaction for the purpose of establishing whether or not the instrument in question

was intended as an absolute deed or only as a mortgage to secure an indebtedness, or a mere defeasance. Art. 16, sec. 50 of the Constitution of Texas; Gibbs v. Penny, 43 Texas, 560; Loving v. Milliken, 59 Texas, 423; Smith v. Smith, 81 Texas, 45; Marx v. Baker, 29 S. W., 908.

The evidence upon any fact in a case being undisputed, the court may assume it to be true and submit a charge thereon to the jury, and by so doing does not charge upon the weight of the evidence. Western U. Tel. Co. v. Cooper, 20 S. W., 47; Railway Co. v. Lane, 79 Texas, 643; Houston & T. C. Ry. Co. v. Berling, 14 Texas Civ. App., 544; Reynolds v. Weinman, 40 S. W., 560; Missouri, K. & T. Ry. Co. v. Rogers, 40 S. W., 849; Railway Co. v. Highnote, 84 S. W., 365.

A party requesting the court to give the jury a charge similar to the one he complains of ought not to be heard to complain. Railway Co. v. Sein, 89 Texas, 63 (same case, 11 Texas Civ. App., 386); International & G. N. Ry. Co. v. Newman, 40 S. W., 854; Dignowity v. Elmendorf, 40 S. W., 1005; Byrd v. Ellis, 35 S. W., 1070.

McMEANS, ASSOCIATE JUSTICE.—J. E. Simmank brought this suit against appellants to set aside a deed executed by himself and wife conveying to Walter Nagle a lot of land in the town of Shelby. He alleged in his petition that being indebted to the said Nagle in the sum of $300 for borrowed money, he and his wife, Auguste Simmank, were induced by Nagle to execute, as security for said debt, a certain instrument of writing conveying said lot, which was in the form of a deed, but which was intended, and was understood by all the parties at the time, to be a mortgage. He further alleged that the lot in question at the time of the execution and delivery of the instrument was his business homestead and had continued to be such up to the time of trial, and that the said mortgage was void, but that the same cast a cloud upon his title. He prayed for judgment for the title and possession of the lot, and that the instrument as a cloud upon his title be canceled. Other allegations of the petition need not be noticed as it is deemed, in view of the disposition we make of the case, that what we have above stated is sufficient to an understanding of this opinion. Mrs. Simmank intervened, making substantially the same allegations as those contained in the petition of her husband.

Defendants answered by general denial, "not guilty," the statute of limitations of three years, estoppel and laches, and purchase of the lot by defendant Nagle from the plaintiff and intervener. They also demurred to the plea of intervention of Mrs. Simmank. The case was tried before a jury and, upon a verdict and judgment in favor of plaintiffs, defendants have appealed.

The evidence warranted the jury in finding that the instrument was a mortgage and that the land in question constituted the business homestead of appellees at the time the mortgage was executed and delivered and continuously since then up to the time of the trial.

It does not appear that the general demurrer urged by appellants to the plea of intervention was called to the attention of or acted upon

by the trial court, and there is therefore no basis for appellants' first assignment of error which complains that the court erred in not sustaining it.

By the second assignment appellants complain of the action of the court in permitting plaintiff and intervener to introduce evidence of a verbal contract varying the terms of the written deed. The evidence objected to was to the effect that plaintiff and intervener thought they were only giving a mortgage on the property, and that it was agreed and understood if the debt was paid the defendant, Nagle, would reconvey the property. The proposition urged under this assignment is that a contemporaneous parol agreement is not admissible to vary the terms of a valid written instrument. That parol evidence as between parties is admissible to prove that a deed, absolute on its face, is security for debt, and therefore a mortgage, is no longer an open question in this State. Gulf, C. & S. F. Ry. v. Jones, 82 Texas, 160; Miller v. Yturria, 69 Texas, 554; McLean v. Ellis, 79 Texas, 398. The assignment is overruled.

The court charged the jury: "If the husband and Nagle intended to make an absolute deed to the property, yet if the wife understood at the time she signed and acknowledged the deed that they had the right, as explained by the notary, upon the payment back of said sum of money to have the deed to the property reconveying it back to them, you shall find for the plaintiff." It is complained that this part of the charge was upon the weight of the evidence in that it assumes that the notary, at the time he took Mrs. Simmank's acknowledgment to the deed, explained to her that the property would be reconveyed by Nagle upon the payment of the sum borrowed by her husband from him. Both Mrs. Simmank and the notary, who appears to have no interest in the subject matter, testified that such explanation was made to Mrs. Simmank by the notary when she signed and acknowledged the deed, and their testimony was undisputed. While it is true that the judge should not in his charge assume that a controverted fact has been proven, it is equally true that he may assume the truth of evidence where the facts are undisputed. (Bonner v. Green, 6 Texas Civ. App., 96; Wintz v. Morrison, 17 Texas, 387; International & G. N. R. R. Co. v. Stewart, 57 Texas, 166.) There was no error in the charge in the particular complained of, and the assignment presenting the point is overruled.

The court charged in jury, in effect, that if Simmank understood, or his wife understood, that they had the right upon payment to Nagle of the amount expressed in the deed, to have the land reconveyed to them, then the deed would be void and convey no right or title to their business homestead, and in such event to find for plaintiff. This charge is made the basis of appellants' fourth assignment of error. The mere fact that Simmank and wife did not intend to convey the absolute title to the business homestead, but only to secure the debt, would not determine the character of the conveyance if Nagle understood and accepted the deed as an absolute conveyance in payment of his debt. (Kainer v. Black, 6 Texas Civ. App., 1; Brewster v. Davis, 56 Texas, 478.) The charge complained of was error; and if it is

an error of which the appellants can complain the judgment of the District Court should be reversed.

Appellees urge that the error was invited by appellants by the request to give a special charge containing the same erroneous statement of law, and that therefore they ought not to be heard to complain, and they refer us to a charge wherein appellants requested the court to charge the jury, in effect, that in order to arrive at the intention of the parties in determining whether the instrument was a deed or a mortgage, they must look to all the facts and circumstances at the time of and prior and subsequent to the execution of the instrument; and if from such facts and circumstances they find it was intended that said instrument shauld be an absolute deed, or operate as such, to find for defendants; "but on the other hand, if you believe from all the facts and circumstances in evidence that the said J. E. Simmank and wife, Auguste Simmank, intended it only as a mortgage to secure a debt of $300 to Walter Nagle, then you should find for plaintiff." This charge was given. It will be seen that in both the charges—that given by the court, of which the appellants complain, and the charge given at appellants' request, the jury was instructed that whether the instrument was an absolute deed or not depended on the intention of Simmank and wife, regardless of any intention or understanding of Nagle. It has uniformly been held that a party can not on appeal call in question the accuracy of a charge given by the judge when it embraces the same instruction contained in a charge requested by the party complaining, whether the requested charge be given or refused, unless it appears that the judge was not misled in the matter by the requested instruction. (International & G. N. Ry. Co. v. Sein, 89 Texas, 67.) As said by Judge Brown, in the case cited: "The judge may give a charge asked for as it is written by counsel, or may embody it or so much of it as is deemed applicable to the facts of the case in the charge prepared by him; in either event it is a ruling of the court upon the question, made at the request of counsel."

In Railroad Co. v. McDonald, Chief Justice Garrett of this court says: "It does not appear that the special instruction was submitted in correction of the general charge and not before it was given to the jury. This should have appeared affirmatively. It is the practice of trial judges to cull from the special instructions requested of them by the parties in the trial of a case such portions as they deem proper and submit them in the general charge, rejecting the special instructions which may have suggested the general charge. So in order to avoid subjection to liability for an invited error it should affirmatively appear that the special instruction was given after the general charge had left the hands of the trial judge." See also Missouri, K. & T. Ry. v. Eyer, 96 Texas, 72; Carbough v. State, 49 Texas Crim. Rep., 452. There being nothing in the record or in the requested charge to show that the special charge requested by appellant was not responsible for the error in the court's general charge, we think appellants must be held to have invited the error, and they can not, therefore, be heard to complain of it here.

We have examined the other assignments of error urged by appel-

lants and are of the opinion that no reversible error is pointed out in any of them. The judgment of the District Court is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellants insist that reversible error is presented by their sixth assignment. This is one of the assignments we overruled without discussion. It would have been more accurate had we said in our opinion that the assignment taken in connection with the subjoined statement presented no reversible error. The assignment is based upon the giving of a special charge which was or was not proper, according to whether the evidence did or did not justify the court in giving it. The statement merely sets out the special charge complained of, which is also copied in the assignment, and does not set out or refer to any evidence upon which this court can say that the giving of the charge was improper. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.