KETTLER BRASS MANUFACTURING COMPANY v. JOHN O'NEIL.

Decided November 17, 1909.

**1.—Contract—Performance—Arbiter.**

When it is agreed between parties that the decision of a certain architect should be final and conclusive as to matters relating to the construction of a building and the compensation to which the builder is entitled, in the absence of fraud, or such gross mistake as would necessarily imply bad faith or a failure to exercise an honest judgment, the decision of the architect in the premises would be binding and conclusive upon the parties to the contract.

**2.—Same—Building Contract—Decision of Architect.**

A building contract contained the following agreement: "All work to be

executed to the satisfaction of the architect, both in finish and design." Held, a plain implication that the honest, fair judgment and decision of. the architect in the premises would be final and binding on the parties. In order to traverse or go behind the decision of the architect there should have been allegation and proof of fraud, collusion or mistake upon his part.

### 3.—Same—Expert Testimony.

When the plaintiff in a suit upon a building contract failed to prove by the architect, whose decision was to be final in the premises, that the work had been completed in accordance with' the contract and had been accepted by said architect, he had no just ground for objecting to the testimony of other architects as to the condition of the work.

### 4.—Charge—Invited Error.

When the court submits a case to the jury upon the same issues presented in special charges prepared and requested by appellant, the appellant can not complain of the charge of the court in such respect.

### 5.—Improper Argument—When Harmless.

An improper argument is not cause for reversal when the jury could not under the evidence have rendered any other verdict than the one rendered.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Geo. W. Graves,* for plaintiff in error.—Where the parties to a builder's contract have bound themselves to abide by the opinion and decision of a particular architect, fair exercise of his judgment and opinion is binding upon both parties to the contract, and in such case the testimony of other and different architects is not admissible for the purpose of showing that the work done under the direction of the chosen architect was not in compliance with the contract. Anderson Elec. Co. v. Cleburne Water Co., 27 S. W., 507; Wright v. Meyer, 25 S. W., 1122; Kilgore v. N. W. Texas Baptist Soc., 89 Texas, 465; Boettler v. Tendick, 73 Texas, 493; Galveston, H. & S. A. Ry. Co. v. Henry, 65 Texas, 691; Collier v. Betterton, 8 Texas Civ. App., 479; Brin v. McGregor, 45 S. W., 923; 6 Cyc., 40 (D), Builders and Architects; 3 Rose's Texas Notes, 1137; 1 Green's Dig., Contracts V, p. 2257 et seq.; Simpkins on Contracts, chapter 52, p. 276, and authorities there cited.

Where builders' contracts are executed under the direction of an architect, although accompanied with specifications covering the work in detail, a substantial performance thereof is sufficient. Linch v. Paris L. & G. Elev. Co., 80 Texas, 36; Bradford v. Whitcomb, 11 Texas Civ. App., 222; Jennings v. Willer, 32 S. W., 24; Johnson v. White, 27 S. W., 174; 1 Simpkins on Contracts, 272, "Builders' Contracts," and authorities there cited.

The uncontradicted evidence showed that plaintiff had in good faith carried out its contract in all substantial and material respects to the satisfaction of defendant's architect, and that said architect's failure to formally receive and accept said work upon completion was not the fault of plaintiff, but the fault of defendant; and defendant could not, without the consent of plaintiff, and after said work had been done by it under his direction, arbitrarily discharge said architect, and thereby refuse to accept and pay for the work.

Griffith v. Happersberger, 86 Cal., 605, 25 Pac., 137, 487; Fitts v. Reinhart, 102 Iowa, 311, 71 N. W., 227; 6 Ency. Law & Proc., "Builders and Architects," 40.

*John Hamman,* for defendant in error.—The plaintiff having failed to obtain an acceptance of his work from L. S. Green when the same, was completed and erected at the mausoleum and tendered to the defendant, and the only architect authorized to accept the same having refused to do so, the evidence complained of was admissible as showing that plaintiff had not performed his contract, which he alleged he had done. Chandler v. Wheeler, 49 S. W., 278; Ark-Mo. Zinc Co. v. Patterson, 96 S. W., 173; Ozan Lumber Co. v. Haynes, 56 S. W., 1068; Anderson v. Imhoff, 34 Neb., 335, 51 N. W., 854; Mills v. Paul, 30 S. W., 558; Spink v. Mueller, 77 Mo. App., 85; Glacius v. Black, 50 N. Y., 145; Cannon v. Hunt, 113 Ga., 501, 38 S. E., 983; Pormann v. Walsh, 97 Wis., 356; 30 Am. & Eng. Enc. of Law, pp. 1243 and 1246; Griffith v. Happersberger, 86 Cal., 605, 25 Pac., 137; Stuart v. Rutter, 48 Texas Civ. App., 276; Mercantile Trust Co. v. Hensey, 205 U. S., 298.

The defects pleaded by defendant in the work tendered by plaintiff were such as run through the whole of it, and were such as that the object of the parties to have the work done as contracted for was defeated, and it was not necessary to allege the value of such defects or prove the same. Bradford v. Whitcomb, 11 Texas Civ. App., 222.

FLY, Associate Justice.—Plaintiff in error, which will hereinafter be designated plaintiff, instituted this suit against O'Neil, defendant in error, who will be designated defendant, to recover damages in the sum of $1000 for the breach of a contract in failing and refusing to pay for certain bronze doors and other articles to be used in the construction of a mausoleum. The cause was tried by jury and resulted in a verdict and judgment for defendant.

Plaintiff did not do the work it had contracted to do for defendant in substantial compliance with the terms of the contract. It failed to do the work to the satisfaction of the architect as it had contracted to do. Other facts are discussed in connection with the different assignments of error.

The first, second and seventh assignments of error assail the action of the court in permitting architects, who qualified as experts, to testify as to the kind of work done by plaintiff, and to state that the work was not in compliance with the drawings and specifications set out in the building contract. The proposition is that where parties to a contract have bound themselves to abide by the opinion and decision of a particular architect, fair exercise of his judgment and opinion is binding upon both parties to the contract. While the words "fair exercise of his judgment" might, by a liberal construction, take in the exceptions made to the rule, it may be well to state the rule to be that, where it is agreed between parties that the decision of a civil engineer or an architect shall be final and conclusive as to matters relating to the construction of a building or other structure and the compensation to which the builder or con-

tractor is entitled, in the absence of fraud, or such gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment, his action in the premises would be binding and conclusive upon the parties to the contract. (Galveston, H. & S. A. Ry. v. Henry, 65 Texas, 685; Boettler v. Tendick, 73 Texas, 493; Kansas City, E. P. & M. Ry. v. Perkins, 88 Texas, 67; Kilgore v. N. W. Texas Baptist Society, 89 Texas, 469; Kihlberg v. United States, 97 U. S., 398; Martinsburg & P. Ry. Co. v. March, 114 U. S., 549.)

As a basis to the proposition of law stated, there must be a contract binding the parties to abide by the decision of the architect or other party entrusted with authority to superintend the work. The agreement between plaintiff and defendant in this case as to the action of the architect was: "All work to be executed to the satisfaction of the architect, both in finish and design." The plain implication from that clause is that the honest, fair judgment and decision of the architect in the premises would be final and binding on the parties. This construction is fully supported by the decisions of the Supreme Court of the United States hereinbefore cited.

In order to traverse and go behind the decision of the architect there must be allegations and proof of fraud, collusion or mistake upon the part of the architect, because the party desiring to attack his decision is endeavoring to set aside the contract, and desiring such equitable relief he must by his pleadings and proof bring himself within the scope and authority of a court of equity. In the absence of such a plea defendant would have no authority to question the decision of the architect to whom the parties had submitted all matters of construction. "The owner has no right to complain since the architect was selected by him and charged by him with this very power; the builder has no right to complain since he took the work on this very condition." (Whart. Con., 594; McAlpine v. Academy (Wis.), 78 N. W., 173.)

While the principles of law, as herein enunciated, are well settled, they can not be invoked in this case because Green, the architect named in the contract, never accepted the work done by plaintiff, or expressed his satisfaction with it, or stated that it was in compliance with the terms of the contract. He testified: "I saw the completed work done by the Kettler people, and, as I saw it, it was not completed. . . . My relations with Mr. O'Neil, as his architect, ceased about the 24th day of June, as near as I can recollect; don't think the castings had, at that time, been completed; I know they hadn't, because they haven't been completed yet. . . . I never passed judgment on these doors as they were finally completed, and did not accept them for the plaintiff in this case."

Plaintiff having failed to show that the work was done to the satisfaction of the architect has no just ground for objecting to the testimony of other architects as to the condition of the work, and the court did not err in admitting it. Plaintiff proved by Green, the architect named in the contract, that the work was not completed according to the contract.

The court submitted the cause to the jury on the basis of the decision of the architect being final, and there was nothing in the

instructions to mislead the jury, and it was not error to refuse the special instructions requested by plaintiff. The jury must have been convinced, under the charge, that the architect had not approved the work done by plaintiff and that it did not meet the demands of the contract, and made those findings the basis of the verdict. The evidence was ample to sustain the verdict.

We do not think the charge could have led the jury to believe that plaintiff could not recover unless the mausoleum was erected in all its parts to the satisfaction of the architect. The court confined the inquiry to the contract which confined plaintiff's obligation to the doors and matters connected therewith. There was no contradiction between the different parts of the charge.

Green was discharged by the defendant, but there was evidence that it was done with the knowledge and consent of plaintiff, and the appointment of other architects was ratified by plaintiff. There was no effort to show that plaintiff was deprived of any right by the discharge of the architect. All of the architects swore that the work was not in compliance with the terms of the contract.

Through the special charges requested by plaintiff the submission of the cause was placed upon the same basis upon which it was submitted to the jury by the court, the turning point being that the work was done "agreeable to and in keeping with the drawings, specifications, notes, figures, details and drawings as prepared by L. S. Green, architect," and executed "to the satisfaction of the said architect, L. S. Green." Plaintiff can not now complain of the charge of the court placing the decision of the case upon those issues.

In the contract plaintiff agreed to make the doors according to a design in "Winslow Bros. Co.'s Catalogue, on page 214, plate 2082 & 2083" and the uncontroverted evidence showed that they were not so constructed. Kettler admitted that the doors did not follow the design in the catalogue. He also swore that he had no objection to producing the doors in court and stated that he had gone to the mausoleum and carried the doors off. Under the circumstances we do not think that it was improper for defendant's counsel to comment on the fact that the doors were not exhibited in court. If the argument was improper it could not have injured plaintiff for the reason that the jury, under the evidence, could not have rendered any other verdict than one in favor of defendant.

We do not think the cross-assignments of error are meritorious and they are overruled. The judgment is affirmed.

*Affirmed.*

Writ of error refused.