WICHITA COTTON OIL COMPANY v. WM. B. HANNA.

No. 2343.   Decided February 17, 1915.

**Charge—Invited Error.**

Error in submitting an issue which was without evidence in its support (that plaintiff would lose time in the future from personal injuries sued for)

is not ground for reversal where appellant requested a charge submitting that as an issue of fact. (Pp. 32-34.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Clay County.

Hanna sued the Cotton Oil Company and recovered judgment. Defendant obtained writ of error on affirmance by the appellate court.

*Montgomery & Britain,* for plaintiff in error.—Under the facts of this case Dunn was not a vice principal but a fellow servant with the plaintiff, Hanna, and the court, therefore, erred in submitting to the jury the negligence of said Dunn as a ground of recovery. Texas Cent. Ry. Co. v. Frazier, 90 Texas, 38; G., H. & S. A. Ry. Co. v. Farmer, 75 Texas, 85; Lantry-Sharpe Con. Co. v. McCrackin, 105 Texas, 407.

There was no evidence that plaintiff would lose any time in the future but only that he could earn less by reason of the loss of one hand. G., C. & S. F. Ry. Co. v. Robinson, 72 S. W., 71; also the numerous cases cited in Green's Digest Title Damages, sec. 200.

[On a motion for rehearing, which was overruled.] It is evident from the charge of the court set out in the opinion of the Supreme Court that the special charge refused, and which this court held to have invited the error, was not asked until after the court had prepared and submitted his charge. In other words, this charge did not invite the error, but only sought to mitigate it as far as possible.

*R. E. Taylor, Wantland & Parrish, Taylor, Jones & Humphrey,* and *N. A. Stedman,* for defendant in error.—Dunn, as the ginner, had authority to call to his assistance the plaintiff, and to direct him in the performance of duties in and about the gin house and the gin stands, and while exercising this authority he was acting for his principal. Waxahachie Oil Co. v. McLain, 3 Texas Ct. Rep., 846, 27 Texas Civ. App., 334; Townes on Torts, pp. 70, 202-5.

The plaintiff in error plants itself upon the proposition that in order to be a vice principal an employe must have the power to employ and discharge a person injured as the result of his negligence. This is undoubtedly the test established by our decisions in respect to cases in which the gravamen of the complaint is the negligence of the employe under whose direction another employe is working at the time of being injured. It ignores, however, the doctrine of universal application that there are certain non-assignable duties, the performance of which devolves upon the master, and which the master can not evade by delegating their performance to employes of any rank. Among the numerous authorities establishing this proposition are Young v. Hahn, 96 Texas, 99; Waxahachie C. Oil Co. v. McLain, 27 Texas Civ. App., 334.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy the following statement of the case from the opinion of the Court of Civil Appeals:

"This appeal is from a judgment in favor of the appellee against the appellant for damages resulting from personal injuries. The evidence shows that the appellant was the owner of a plant in which were operated five cotton gins; that in the fall of 1909 the appellee was employed to work at the 'packer' and was also expected to do other work when called · upon. He was injured while cleaning the cotton from a gin stand, by having his hand caught in the saws. The petition alleged that he was inexperienced in that kind of work and that he so informed appellant's manager, by whom he was hired, at the time of his employment. The negligence relied on was the failure on the part of the appellant and its servants to warn the appellee of the danger to which he was exposed in doing the work he was engaged in at the time he received his injuries.

"Complaint is made of the following charge of the court: 'If you find from the evidence herein that the defendant employed the plaintiff to perform labor in its gin at Byers, Texas, on or about the 30th day of August, 1909, and at the time of said employment the defendant knew that the plaintiff was inexperienced in the matter of handling the machinery of said gin and did not know. the dangers, if any, incident to the cleaning of the gin stands in said gin, and if you find that the work of cleaning said gin stands was in fact dangerous and that the plaintiff did not know the danger incident to cleaning said gin stands, and could not have known of said danger, if any, by the use of ordinary care, and you further find that W. M. Dunn had authority to direct and control the acts of the plaintiff in the matter of cleaning the said gin stands and to require the plaintiff to assist in the work of cleaning said gin stands in the event they became choked or clogged, and if you find that on or about the 20th day of September, 1909, the said gin stands became choked or clogged and the said W. M. Dunn required and directed the plaintiff to assist in unchoking and cleaning said gin stands, and that at said time the said Dunn knew that plaintiff did not know of the danger attendant upon the work of cleaning said gin stands, and the said Dunn failed to warn the plaintiff of the danger of said work, and that said failure to so warn the plaintiff was negligence and was the direct and proximate cause of plaintiff receiving the injuries complained of in his petition, then you will find for the plaintiff, unless you find for the defendant under some of the other instructions given you by the court.' Two objections are urged to this charge; one is that the evidence shows that Hanna knew of the danger incident to cleaning the gin stands, and, therefore, that issue should not have been submitted; the other is that the facts show that Dunn was a fellow servant, and that for the same reason that issue should not have been submitted. Hanna testified that when he was employed by Cash, appellant's manager, he was inexperienced in work about such machinery, and so informed Cash; that Cash told him his principal duties were to work at the 'packer,' which were simple and did not expose him to any particular danger. But he was also told by Cash that when there was a breakdown or choke-up of the gins he was to assist in relieving the

situation. W. M. Dunn was in charge of the gin stands on the occasion of Hanna's injuries, and called him and one Haynie, the man who worked at the press, to assist in cleaning the gins and relieving their choked condition. Hanna testifies that he responded to that call, and, without having received any instructions or warning as to the dangers of working about that machinery, began pushing the cotton from between the ribs of the gin; that he noticed that it fell below, and reached his hand beneath for the purpose of pulling it out; as he did this his hand and arm were caught by the gin saws, and his injury resulted. It is true that according to Hanna's testimony he had been working in this plant at the 'packer' for some weeks, and his place of work was only about twelve or fourteen feet from the gin stands; but he testified that he had not before this particular occasion been around the gin stands, knew nothing of their mechanism and operation, and did not know that one gin stand could be run while the others were idle. He also stated that he did not know that the saws of this particular gin stand were running. The testimony was sufficient to raise an issue of fact for the jury as to Hanna's knowledge of the situation and the danger to which he was exposed. The next question is, should it be held, as a matter of law, that Dunn was a fellow servant? As before stated, Hanna testified that when he was employed Cash assigned him to work at the 'packer'; that he asked Cash if that was all he was expected to do, and was informed by the latter that in case there was a breakdown or choke-up of the gins he would be expected to help at the gins. Dunn testified that he was in charge of the gin stands, and was told by Cash that when these choked up he was to call on the other employees for help. These instructions evidently carried with them the inference that when the occasion arose upon which Dunn might call upon the other employees for assistance they were to work under his direction as a part of their duties."

The plaintiff in error submits the following assignment of error:

"The Court of Civil Appeals erred in overruling and refusing to sustain the appellant's second assignment of error, and the first proposition of appellant thereunder, the same being error in that the charge of the court on the measure of damages was erroneous in that the evidence did not show that appellee would lose any time in the future by reason of his injuries but that only his capacity to earn money in the future had been impaired and the court authorized the jury to find damages for time that appellee would lose in the future."

The plaintiff in error requested the court to give the following charge:

"If under the charge of the court you find anything for the plaintiff, then in assessing his damages on account of loss of time in the future, then you will award him such a sum as you may believe from the evidence as paid at this time in cash will fairly compensate him for such loss of time."

It will be seen that the charge which the plaintiff in error requested the court to give submits the very proposition in the charge of which

he complains in the above assignment of error. He can not, therefore, be heard to complain of that which he had invited, as he did in this case.

In the case of International & Great Northern Railway Co. v. Louisa Sein et al., 89 Texas, 63, 33 S. W., 215, 558, the law is correctly stated as follows:

"The question now before the court is, in substance, if, in the course of a trial, counsel requests the court to give an instruction to the jury, which is refused, but which in whole or in. part is embraced in the charge of the court, can the counsel or the party for whom he acts question the correctness of the charge given by the court in so far as it conforms to the request made? This question has often been before appellate courts, and has uniformly, so far as we are able to find, been held against the right of a party or his counsel, upon appeal, to call in question a ruling of the trial court which was made at his suggestion; and it has been generally held that when a charge requested, but refused, was embodied in the general charge of the court, any error arising therefrom could not. be questioned by the party who requested the charge."

The first and third assignments of error are without merit and will not be discussed.

There being but one error assigned upon which the reversal of the judgment in this case is sought which calls for comment, and the plaintiff having invited that error, if it be error, the assignment must be overruled and the judgments of the District Court and the Court of Civil Appeals are affirmed.