TEXAS & P. RY. CO. v. WILLIAMS.
(No. 1777.)

(Court of Civil Appeals of Texas. Texarkana. April 17, 1917. On Motion for Rehearing, June 21, 1917.)

1. APPEAL AND ERROR ⊜⇒882(12) — INVITED ERROR—INSTRUCTION.

In a servant's action for injuries, defendant requested the court to charge that, if the jury believed the foreman was negligent in having the machine which injured plaintiff run with rapid feed, and thereby caused it to choke up, and necessitated the taking off of the band, and that in putting the band on plaintiff was injured, the jury would find for plaintiff if the clogged condition of the machine was the proximate cause of plaintiff's being injured by the band striking his leg. The court charged that, if the jury believed that plaintiff was engaged in the operation of a planing machine for defendant, and that the equipment of the machine was defective in not being equipped with a slow feed, and that it was negligence on defendant's part to furnish a machine to plaintiff to do the particular work in such defective condition, and that the negligence was the proximate cause of plaintiff's injury, the jury should find for plaintiff. *Held,* that any error in the charge as given was invited by the defendant's request.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3602.]

2. DAMAGES ⊜⇒132(6)—PERSONAL INJURIES—EXCESSIVE VERDICT.

Where a servant 62 years old, earning about $100 a month, had the large and small bones of his leg between the knee and the ankle broken, but the broken parts of the large bone united properly, and the testimony indicated that the union between the broken parts of the small bone, while imperfect at the time of the trial, might in the course of time become so nearly perfect as to restore the effective use of the leg, the testimony also indicating that the most serious consequence of the injury would be a permanent

slight shortening of the leg, verdict for $17,500 was excessive by $7,500.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 377.]

On Motion for Rehearing.

3. TRIAL ⊜⇒274 — OBJECTION TO CHARGE — WITHDRAWAL·OF REQUEST.

Where defendant's objection to an improper instruction, the error in which it had invited by a request, was made after defendant made the request, the objection should have been accompanied by a withdrawal of the request.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 687.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Suit by Ike Williams against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Judgment reformed, and affirmed conditionally on plaintiff's filing a remittitur.

Appellee had his leg broken while operating a planing machine, in the discharge of duty he owed to appellant as its employé. The machine was constructed to dress pieces of timber of carrying dimensions, at the rate of either 20, 30, or 40 feet per minute; its speed being regulated by pulleys provided for the purpose. The pulleys were not permanently fixed to the machine, but were attachable to it. At the time he was injured appellee was using the machine to dress a piece of timber 6 by 9 inches at its largest end and 5½ by 8½ inches at its smallest end down to 5 by 8 inches. In doing this work, to avoid a "choking" of the machine, it should have been operated at its slowest speed. Some time before the accident occurred, however, the practice of changing the pulleys so as to conform the speed of the machine to the character of the work it was to do was discontinued, and appellee was directed by the foreman to operate the machine at its highest speed, without reference to the character of such work. As a result of the rapid speed at which the machine was being operated at the time appellee was injured, it choked, and it became necessary to stop the parts thereof which fed the piece of timber to the knives. This was done by removing a belt from two pulleys on which it revolved. The belt was removed by one of appellant's employés, who, as a "helper," was assisting appellee in the operation of the machine. The choked condition of the machine having been relieved, appellee's helper undertook to replace the belt on the pulleys.

"In putting it back on," appellee testified, "he let it slip out of his hand, and when he did the pulley next to me caught it and just wound it up, and it was slapping over and slapping me, and hit me about a hundred times, I suppose; don't know just how many times it hit me, but it hit me lots of times and knocked me down. It hit me all the way from my ankle to my knee and on the knee. It split the bone of my leg this way, diagonally across."

Appellee brought this suit, alleging that appellant was guilty of negligence rendering

it liable to him in damages for the injury he suffered. The negligence, he averred, consisted of: (1) Appellant's failure "to provide proper and suitable tools and appliances with which to do and perform the work at hand"; (2) "the manner in which the belt was thrown off and on"; and (3) "attempting to run timbers of the size and proportion through the machine as then regulated for operation." Appellant's answer consisted of a general denial, pleas of "assumed risk" and "contributory negligence" on appellee's part, and a plea that the injury to him was the result of the accident merely.

The appeal is from a judgment in appellee's favor for $17,500.

F. H. Prendergast, of Marshall, for appellant. Beard & Davidson, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). The jury were not authorized by the charge to find for appellee, unless they did so in accordance with instructions as follows:

"If you believe from the evidence that on or about the 6th day of November, 1915, as alleged in plaintiff's petition, Ike Williams, the plaintiff, was engaged in the operation of a planing machine for the defendant, and that the equipment of said machine was defective in not being equipped with a slow feed, and if you believe that it was negligence on the part of defendant to furnish the machine to plaintiff to do the work then at hand in such defective condition, if it was defective, and that such negligence, if any, was the proximate cause of the injury to plaintiff, then you will find for the plaintiff."

[1] In support of its first assignment appellant insists that the instructions just set out were erroneous, because it appeared it asserts that, if it was guilty of negligence in failing to equip the machine with "a slow feed," its negligence was a remote, and not a proximate, cause of the injury to appellee. We do not feel called upon to determine whether it so appeared or not; for, if it did so appear, and if the instructions therefore were erroneous, we think appellant should not be heard to complain of the error. It will be noted that the jury were authorized by the instructions complained of to find for appellee only in the event they believed that appellant was guilty of negligence in failing to equip the machine with a slow feed, and further believed that its negligence in that respect was the proximate cause of the injury to him. Appellant, in effect, asked the court to so instruct the jury when it requested a charge (refused by the court) as follows:

"If you believe that the foreman was negligent in having the machine run with rapid feed and thereby caused it to choke up and necessitated taking off the band, and that in putting the band on the plaintiff was injured, then you will find for the plaintiff, if you believe that the clogged condition of the machine was the proximate cause of plaintiff being injured by the band striking his leg."

The charge requested, like the one given, though in different language, predicated negligence on the failure of appellant to equip the machine with a slow feed, and, like the one given, authorized a finding that such negligence was the proximate cause of the injury to appellee. By the charge refused the clogged condition of the machine was referable only to the rapid rate of speed at which the machine was operated. So it in effect was a request by appellant to submit to the jury the issue the court did submit to it as to whether the negligence of appellant in failing to equip the machine with a slow feed was the proximate cause of the injury to appellee or not. Appellant, we think, is in the attitude of having invited the error, if it was one, and under a well-settled rule is not entitled to here urge the error as a reason why the judgment should be reversed. Railway Co. v. Sein, 89 Tex. 63, 33 S. W. 215, 558; Oil Co. v. Hanna (Sup.) 173 S. W. 644; Railway Co. v. Flanders (Sup.) 179 S. W. 263; Sanford v. Railway Co., 143 S. W. 329; Railway Co. v. Murray, 132 S. W. 496; Manufacturing Co. v. O'Neil, 57 Tex. Civ. App. 568, 122 S. W. 900. In the Hanna Case Chief Justice Brown quoted as a correct statement of the rule the following from the opinion in the Sein Case:

"The question now before the court is, in substance, if in the course of a trial counsel requests the court to give an instruction to the jury, which is refused, but which in whole or in part is embraced in the charge of the court, can the counsel, or the party for whom he acts question the correctness of the charge given by the court in so far as it conforms to the request made? This question has often been before appellate courts, and has uniformly, so far as we are able to find, been held against the right of a party or his counsel, upon appeal, to call in question a ruling of the trial court which was made at his suggestion; and it has been generally held that, when a charge requested, but refused, was embraced in the general charge of the court, any error arising therefrom could not be questioned by the party who requested the charge."

In the Flanders Case the Supreme Court held, quoting the syllabus:

"In a railroad switchman's action for injuries defendant could not complain of the submission, as a ground of recovery, of its negligence in permitting an engine with a brilliant headlight to stand in the yards, though this was not the proximate cause of the injury, where its own requested charges called for a determination of the same issue of fact."

Most of the other assignments in the brief are predicated, as the first one is, on the claim that the failure of appellant to equip the machine with a slow feed, if negligence, was not the proximate cause of the injury. They are all overruled, as are the seventh, eighth, ninth, and tenth, in which complaint is made of the refusal of the court to give to the jury special charges therein referred to requested by appellant.

[2] The fifteenth assignment, by which the verdict is attacked on the ground that it is

excessive, should, we think, be sustained. Appellee was 62 years of age at the time his leg was broken, and was earning about $100 per month. While both the large and the small bones of his leg between the knee and ankle were broken, the broken parts of the large bone had properly united, and the testimony indicated that the union between the broken parts of the small bone, while imperfect at the time of the trial, might in the course of time become so near perfect as to restore to appellee the effective use of the leg. The testimony also indicated that the most serious consequences to appellee of the injury probably would be a permanent slight shortening of his leg. The judgment, we think, is excessive in the sum of $7,500. If a remittitur of that amount is filed by appellee with the clerk of this court, within 15 days from this date, the judgment will be reformed and affirmed for $10,000. Otherwise it will be reversed, and the cause will be remanded for a new trial.

On Motion for Rehearing.

[3] Appellant insists this court erred in holding that it was in the attitude of having invited the error (if any) complained of in the trial court's main charge, and, as showing it was not in that attitude, calls attention to the fact (which had not been overlooked) that it objected to the part of said charge set out in the opinion ·of this court. Whether appellant's objection was made before or after it requested the special charge set out in said opinion does not appear from anything in the record, to which alone this court can look. If the objection was made after appellant requested the special charge, which presumably (Nagle v. Simmank, 54 Tex. Civ. App. 432, 116 S. W. 862) influenced the trial court to instruct the jury as he did, it should, it seems to us, have been accompanied by a withdrawal of its request to instruct the jury as indicated in the special charge. As the record is presented to this court appellant was in the attitude, it seems, of objecting to an instruction which, in effect, it was at the same time requesting the trial court to give. That this is true is shown by the motion for a new trial in which appellant, while complaining of the action of the court in overruling its objection to the part of the main charge specified above, without a suggestion as to why it should be heard to do so, also complained of the action of the court in refusing to give the special charge. Railway Co. v. McDonald, 85 S. W. 493; Cement Co. v. Young. 140 S. W. 378; Gestean v. Bishop, 181 S. W. 696; Railway Co. v. Smith, 155 S. W. 361; Oil Co. v. Hanna (Sup.) 173 S. W. 644.

This motion is overruled.

HODGES, J., not sitting.