## CANE BELT RAILWAY COMPANY V. W. M. CROSSON.

### Decided May 10, 1905.

**1.—Negligence—Injury to Railroad Employe on Handcar.**

Evidence in an action for injuries to a railroad section hand in being thrown from a moving handcar, held sufficient to show actionable negligence on the part of the foreman in charge of the car in failing to look out for obstructions on the track.

**2.—Same—Charge—Defense not Pleaded.**

It was not error for the court to refuse a requested special charge submitting categorically the theory of the foreman, charged with the duty of keeping a lookout, that he was excusable in not seeing the obstruction because he was then watching some boys approaching the track further on ahead (it appearing that boys had been in the habit of placing obstructions on the track), where it had not been pleaded that his attention had been so attracted, but merely that he was doing all in his power to guard against an accident from obstructions, amounting only to a denial of negligence, and the issue of care on his part had been submitted generally in the main charge.

**3.—Charge—Harmless Error.**

Where a party presents to the court two special charges on the same issue, he can not complain if the court fails to select and give the one most favorable to him.

**4.—Same.**

A party can not complain of an error in the charge which was against the opposing party and could not have injured the complainant.

**5.—Personal Injury—Contributory Negligence.**

In an action for personal injuries by a railroad employe, who was treated in defendant's hospital until duly discharged, evidence showing a collar bone broken and union thereof delayed, and that such resultant condition was due to improper adjustment, or to use before the union took place, did not raise the issue of contributory negligence in failing to properly care for the injuries.

**6.—Argument of Counsel—Remarks Withdrawn.**

Where plaintiff's counsel withdrew his objectionable remarks and also asked the court to instruct the jury to disregard them—defendant's counsel requesting no charge to that effect—the error was cured, there being no reason to believe that any harm came of it.

Appeal from the District Court of Matagorda. Tried below before Hon. Wells Thompson.

*G. G. Kelley* and *Lane & Higgins,* for appellant.

*T. M. West, W. S. Holman* and *T. H. Ridgeway,* for appellee.—1 Appellant having requested two special charges on the same issue, the court having given one, it can not complain because the court did not give the one most favorable to it. Gulf, C. & S. F. Ry. Co. v. Dunlap, 26 S. W. Rep., 656; Galveston, H. & S. A. Ry. Co. v. Bohan, 47 S. W. Rep., 1052; Houston & T. C. Ry. Co. v. White, 23 Texas Civ. App., 286; Galveston, H. & S. A. Ry. Co. v. Cody, 20 Texas Civ. App., 522; Campbell v. Nicolini, 35 S. W. Rep., 75; Galveston, H. & S. A. Ry. Co. v. McGraw, 55 S. W. Rep., 756; Shepard v. Weiss, 28 S. W. Rep., 356; Rio Grande Co. v. Varlela, 22 S. W. Rep., 100.

2. A cause on appeal will not be reversed on account of improper argument, where no injury is shown to be done to appellant; the evidence clearly preponderating in favor of appellee, and no complaint being made that the verdict is excessive, nor that the verdict is against the preponderance of the evidence, and no request being made of the trial court to instruct the jury not to consider the improper argument. Western Union Tel. Co. v. Perry, 70 S. W. Rep., 439; H. Electric Co. v. Robinson, 8 Texas Ct. Rep., 218; International & G. N. Ry. Co. v. Mercer, 78 S. W. Rep., 562; San Antonio & A. P. Ry. Co. v. Bowles, 30 S. W. Rep., 727; Texas Central Ry. v. Pledger, 81 S. W. Rep., 755; Galveston, H. & S. A. Ry. v. Duelen, 23 S. W. Rep., 599; Chicago, R. I. Ry. Co. v. Jones, 81 S. W. Rep., 79.

GILL, ASSOCIATE JUSTICE.—W. M. Crosson sued the railway company for damages for personal injuries sustained by him from a fall from a moving handcar while in the employment of the company as a section hand. The company answered by general denial, by the averment that the injuries complained of were due to unavoidable accident, and specially alleged that plaintiff was guilty of contributory negligence in standing on the handcar without holding to the handlebars. A trial by jury resulted in a verdict and judgment for plaintiff, from which the defendant has appealed.

The facts are as follows: Plaintiff was in the employ of defendant as a section hand and was working under a foreman who was his vice-principal. On the occasion in question the plaintiff was on a handcar with the other members of the section gang, returning from his work. He and the other members of the gang were standing up with their hands on the handles of the levers by which the car was propelled. At the point of the accident and for some distance before they reached it the road was down grade and the car was rolling by its own momentum. The foreman, whose special duty it was to keep a lookout for obstructions on the track, was sitting on the car with his face to the front and his back to plaintiff. Prior to that time some small boys in that neighborhood had been placing small obstructions on the rails, and on former occasions they had been removed by the foreman with his foot without stopping the car. On the occasion of the accident the foreman saw some small boys approaching the track and was watching them to see what they placed on the track. He claims that in this way he overlooked an object on the rails between the car and the point the boys were approaching. The object could easily have been seen a distance of fifty or sixty feet, and the foreman admits he would have seen it had he not fixed his attention on the boys, and that had he seen it the accident would not have occurred.

When the moving car struck the object plaintiff was thrown from the car and suffered the injuries of which he complains. Plaintiff was relying on the foreman to keep a lookout, it being the plaintiff's duty to assist in propelling the car. We are of opinion the facts sustain the verdict on the issue of liability. The amount of the verdict is not assailed.

By the first assignment appellant complains of the refusal of the trial court to give a requested special charge submitting categorically

the foreman's theory that he was excusable in watching the small boys and failing to see the obstruction. That his attention was so attracted was not pleaded, the averment being that the foreman at the time of the accident was doing all in his power to guard against such an accident. This amounted to no more than a denial of negligence. His testimony amounted to the same thing and presented for the jury the issue of ordinary care. The requested charge did not present a group of facts which was pleaded as a defense and which, if found to be true, would in law constitute a defense, and so does not come within the rule declared in Railway Company v. McGlamory, 89 Texas, 638. It was not error to refuse the charge. Its refusal was justified on another ground. The issue of care on the part of the foreman was submitted generally in the main charge. A charge requested by appellant was given in which the issue was affirmatively submitted. The appellant having presented to the court two special charges upon the same issue, will not be heard to complain if the court fails to select and give the one most favorable to appellant. Railway Company v. Dunlap, 26 S. W. Rep., 656.

Special charge No. 5 requesting the submission of the issue as to whether plaintiff was negligent in failing to hold to the handle bars was properly refused because the undisputed evidence is to the effect that he had hold of them. It is true the foreman says they were not "pumping" the levers at the time of the accident, but he not only does not say the plaintiff was not holding on, but he places himself in a position from which it would have been impossible for him to know one way or the other. The testimony that plaintiff was so holding on is affirmative and uncontradicted.

By the third assignment a part of the main charge is assailed in which the trial court submits issues which it devolved on plaintiff to establish and which were established by the undisputed proof. We are unable to perceive upon what grounds appellant will be heard to complain. The error was against the plaintiff and could not possibly have injured appellant. The assignment is overruled.

By special charge No. 7 appellant sought to have submitted the issue of contributory negligence on the part of plaintiff in failing to properly care for his injuries. Such an issue was presented neither by the pleading nor proof and the charge was properly refused. One of the injuries sustained was a broken collar bone. A case of delayed union was presented, the bones, instead of forming a bony union at the broken point, formed a cartilaginous or soft union which added much to the seriousness of the injury. Certain doctors testified that ordinarily such a condition was due to improper adjustment or to use before the union takes place. The plaintiff's bones were set in defendant's hospital where he remained until duly discharged. There is no evidence that he was negligent in selecting physicians or that any act of his aggravated his injuries. In this state of the evidence the testimony that the condition of his collar bone may be accounted for on the ground that it was unskilfully set or used too soon, is not enough to present the issue of negligence on plaintiff's part in that respect.

Appellant complains of the language of appellee's counsel in his address to the jury. The objectionable remarks were withdrawn by·

counsel and the jury requested to disregard it. Plaintiff's counsel at the time also asked the court to instruct the jury to disregard them. Appellant requested no charge to that effect. The action of plaintiff's counsel cured the error, and there is no reason to believe that any harm came of it.

We are of opinion the case was well tried and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.   .