# FEBRUARY, 1908.

Tom Poindexter v. Receivers of the Kirby Lumber Company.

No. 1785.   Decided February 5, 1908.

**1.—Master and Servant—Negligence—Assumed Risk—Knowledge.**

A servant feeding an "edger" in a lumber mill and who lost an eye struck by a copper rivet used to repair a belt and thrown from it by the breaking of the belt in the operation of the machinery, was not entitled to recover on the ground of negligence with respect to the condition of the belt, because, (1) The use of such rivet in repairs and the breaking of the belt were not sufficient to support an inference of negligence with respect thereto, and there was no other evidence of such negligence; and (2) plaintiff knew the condition of the belt and its liability to break in operation, and was as well able as another to judge of the danger involved in the use of the rivet to repair it, and hence assumed the risk, and (3) the evidence showed his knowledge of such danger. (P. 325.)

**2.—Same—Concurring Causes of Injury.**

Where the servant was injured by the parting of a belt, caused to break by defect in a pulley over which it passed in another part of the building, such defect being due to the master's negligence and unknown to the servant, the latter could recover though defects in the belt itself of which he had knowledge and assumed the risk contributed to cause the injury. (P. 325.)

**3.—Practice in Supreme Court.**

Where the judgment of the Court of Civil Appeals reversing a recovery by plaintiff in the trial court for injury by negligence of the employer and rendering judgment for defendant on the ground that the risk was one assumed by the servant is reversed by the Supreme Court for error in the law applicable to the facts as settled by the findings on appeal, the Supreme Court will not remand, but will affirm the judgment of the trial court. (P. 326.)

**4.—Invited Error.**
     Appellant cannot complain of the submission of an issue by the court's charge as unwarranted by the evidence, where he has asked and had given a charge submitting it as an issue. (P. 326.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Jasper County.

Poindexter sued the receivers and had judgment. He obtained a · writ of error from a judgment on their appeal reversing same and rendering it in their favor.

*W. D. Gordon, C. L. Gordon,* and *W. W. Blake,* for plaintiff in error.—The issue of assumed risk was submitted to the jury under · correct instructions from the court and resolved by the verdict in favor of appellee, and the evidence does not show as a matter of law that the verdict of the jury is wrong and that appellee is guilty · of assumed risk. Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Horton v. Fort Worth · Packing Co., 33 Texas Civ. App., 150; International & G. N. Ry. Co. v. Williams, 34 S. W. Rep., 162.

*C. R. Wharton,* for defendants in error.—Poindexter was a man · of several years experience about saw mills. He knew that belts often broke, whether they were made of leather or rubber, and he knew that if a belt was held together by metal fastenings, there was danger from such fastenings if the belt should break. In the · present case. he knew that two belts had broken just prior to the one which caused his injury, and appreciated the fact that there was danger, and at one time started to leave the work. He was fully aware of the fact that the belt which broke was fastened with brads. Under these facts, he assumed the risk of injury as a matter of law, and it was immaterial whether he fully understood what caused the belt to break. It was enough that he knew that the belt was likely to break, that other belts had just broken, and that there was danger in the breaking of a belt when it was held together ·by metallic fastenings. Dresser's Employer's Liability, sec. 97; Bailey on Personal Injuries, secs. 2809, 2869; Ely v. San Antonio & A. P. Ry. Co., 15 Texas Civ. App., 514; Missouri, K. & T. Ry. Co. v. Wood, 35 S. W. Rep., 879; Missouri P. Ry. · Co. v. Summers, 78 Texas, 439; Texas & P. Ry. Co. v. Bradford, 66 Texas, 737; Green v. Cross, 79 Texas, 132; Feeli v. Cordage, Company, 161 Mass., 427; Downey v. Sawyer, 157 Mass., 420.

MR. JUSTICE WILLIAMS delivered the opinion of the court.
     Plaintiff in error was feeding an edger in the mill of defendants in error when a leather belt used in propelling the machinery broke and a rivet flew from it, entering and destroying one of plaintiff's eyes. In this action to recover damages he alleged negligence on the part of his employers, the receivers, in two particulars: (1) in using an old and defective belt; (2) ˙in using a defective pulley

over which the belt worked. Both grounds of recovery were submitted by the trial court to the jury and a general verdict in his favor was rendered. On appeal from the resulting judgment the Court of Civil Appeals reversed it and rendered judgment in favor of defendants on the ground that, before he was hurt, plaintiff knew of this condition of the belt and of any danger attending its use and assumed the risk thereof by continuing in the service. In granting this writ of error we were of the opinion, to which we still hold, that this was not a sufficient reason for denying plaintiff a recovery upon the other ground set up, that is, the defective and dangerous condition of the pulley. A brief statement of the facts will help to an understanding of the relation of the two questions to each other.

The belt, passing through an opening in the second floor of the building, worked around two pulleys, one located in the upper room where plaintiff worked and a larger wooden one in the room underneath. The larger pulley, by use, had been worn into an irregular or oblong shape so that in its revolutions it jerked the belt by alternately slackening and tightening it. The evidence tended strongly to show that this jerking caused the breaking of the belt. The evidence also tended to show that plaintiff was justifiably ignorant of this condition of the pulley and of the consequent straining of the belt, if, indeed, it would have justified any other conclusion. As to the condition of the particular belt, through the tearing of which plaintiff was hurt, the evidence is quite indefinite. The foreman, plaintiff's superior, who was used as a witness by plaintiff, stated that it was practically new and in good and sound condition. Plaintiff, himself, that it looked like it was an old one, and explained that by this he meant that it appeared to have been used, but how much he did not know. Neither he nor any one else stated any defect unless the presence of copper rivets in it be one. That such rivets had been inserted was shown by both witnesses, and both explained this by the statement that the two layers of leather of which the belt was made had originally been glued together and had slightly parted at one place, and the rivets were driven through and clinched so as to hold them together and prevent further separation. This was a usual method of remedying such conditions in belts and there is no evidence that it was improper or negligent. The plaintiff assisted in putting this belt in use and fully admitted his knowledge of the presence of the rivets when he proceeded with his work. It further appears that belts often broke and that of this plaintiff was fully cognizant. On the day of and preceding the accident, another belt, a rubber one, had several times parted, in plaintiff's presence. The first time, the lacings gave way and plaintiff relaced and continued his work with it in use. When it next broke, the foreman mended it with rivets and metal hooks, to which plaintiff objected and was about to quit, when the belt broke again, and the leather one in use when plaintiff was hurt was selected by the foreman. The plaintiff testified that his objection to the belt previously used was to the metal hooks and that he raised no objection to the last

belt with the rivets because he thought they were safer than the hooks.

For several reasons, we think the Court of Civil Appeals correctly held that there was no right of recovery as for a defective belt. In the first place the evidence stated does not justify the conclusion that this belt was defective. It seems that only a part of it was torn out in the occurrence in which plaintiff was hurt, and that fact is sufficiently explained by the condition of the pulley, if, by itself, the mere tearing of the belt otherwise would have justified the inference of a defective condition and of negligence in using it, which could hardly be admitted. Secondly, plaintiff knew of its condition and there is no escape from the conclusion that he assumed the risk resulting from that condition alone. If it be said that, while he knew of the condition, he may not have known of the danger caused by it, the answer is that the fact that belts often broke was well known to him, and the possibility that, in such an event, a rivet might fly out could as well be foreseen by him as by any one else. It is true, as said by the Court of Civil Appeals, that knowledge of a particular condition does not always carry with it knowledge of a resulting danger; but nevertheless the defective condition may often be such that knowledge of it will enable one as well as another to foresee results that may flow from it and this is true in this case with reference to the particular result that happened. Thirdly, if evidence of knowledge of the particular danger from such objects flying out from the breaking of a belt were needed, it is found, as held by the Court of Civil Appeals, in plaintiff's admission concerning the hooks. With reference to an occurrence like this, there is no perceptible difference between the rivets and the hooks, although one might be better for some purposes than the other.

But, if the belt was a safe one, and the danger of its breaking and throwing off such objects, when used upon proper pulleys, was one of the ordinary risks of the service which plaintiff assumed, this would not include an assumption of the risk caused by defendant's negligence in having a defective pulley, if it caused the belt to break. Or, if it were shown that the belt was defective and that plaintiff knew of its condition and assumed the risk incident to such defect alone, still he would not be precluded from recovering if the defective condition of the pulley caused or contributed to his injury. (Missouri Pac. Ry. Co. v. Somers, 78 Texas, 442-3; Texas & N. O. Ry. Co. v. Kelly, 98 Texas, 137.) The risk resulting from the defective pulley would be one superadded by the defendant's negligence to that assumed, and for an injury caused or contributed to by it the defendants would be liable.

Under the charge of the trial court the jury might very properly have found that the pulley was in the condition alleged, that defendant was guilty of negligence in allowing it to be in that condition, that the plaintiff was not chargeable with knowledge of it, and that it was the cause of the breaking of the belt Hence, under the law as just stated, the verdict is supported by evidence to establish each fact essential to plaintiff's recovery. The findings of

fact by the Court of Civil Appeals, as we gather them from its opinion, are not opposed to, but concede, the existence of all that we hold to be essential. Its judgment is based upon its view of the law that plaintiff's assumption of the risk incident to the condition of the belt goes to the whole case and defeats plaintiff's action. This is simply a conclusion of law with which we do not agree, and we are therefore not under the necessity, in reversing the judgment of that court finally settling the cause against plaintiff, of remanding it for a new trial, as is ordinarily done when this court disagrees with a Court of Civil Appeals when it has reversed a judgment of the trial court on the ground that there is no evidence to sustain it, or that the evidence is conclusive against it, and has rendered a final judgment. There are generally involved, in such action of the Court of Civil Appeals, a proposition of law, that there is no evidence, or that the evidence is conclusive one way or the other, and also a finding against the existence of some fact or facts essential to maintain the judgment under review. This court, on writ of error, may review the decision upon the question of law and determine whether or not there is evidence, or whether or not the evidence is conclusive, in other words, whether or not there is an issue of fact to be tried, but it can not review the finding of fact; and, hence, when it disagrees with the Court of Civil Appeals and holds that there is evidence, or that the evidence is not conclusive, it must remand the cause for a trial of the question of fact. This necessarily results from the conclusion that there is an issue of fact to be tried which this court can not determine. (Lee v. International & G. N. R. R. Co., 89 Texas, 589-90; Wallace v. Southern Cotton Oil Co., 91 Texas, 21-2.)

Under our view of the law applicable to this case, the Court of Civil Appeals has not found any fact that defeats recovery nor found against the existence of any which is essential to recovery, and we may properly act upon the verdict of the jury and the judgment of the District Court, unless some error was committed in the trial for which the judgment should be reversed.

All of the assignments presented for reversal in the Court of Civil Appeals have been examined, and we find that all of them, aside from that on which the judgment was reversed, were properly overruled, and all of them, save one, sufficiently discussed. That one complains of the submission, in the charge of the trial court, of the issue of negligence, *vel non,* with respect to the condition of the belt for want of evidence to sustain a recovery upon that issue. If there was error in this, it was one in which the defendants participated. We find in the record a special charge asked and given at their request in which both grounds of recovery were coupled together substantially as they were in the general charge. They are therefore not in a position to complain. (International & G. N. R. R. Co. v. Sein, 89 Texas, 66.)

The judgment of the Court of Civil Appeals is therefore reversed and that of the District Court is affirmed.

*Judgment of Court of Civil Appeals reversed, judgment of District Court affirmed.*