INTERNATIONAL & G. N. RY. CO. v. WALKER.

(Court of Civil Appeals of Texas. San Antonio. Jan. 21, 1914. Supplemental Opinion, Feb. 19, 1914.)

APPEAL AND ERROR (§ 882*)—INVITED ERROR —REQUESTING INSTRUCTIONS.

If appellant requested charges on contributory negligence, he cannot complain on appeal that the question was submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

On motion for rehearing. Motion overruled.

For former opinion, see 161 S. W. 961.

FLY, C. J. The ordinance, under which appellant claims that appellee was guilty of contributory negligence per se, provides that "no vehicle shall cross any street or bridge or make any turn at street intersections at a greater speed than one-half the legal speed rate, upon such street." The evidence shows that appellee was not crossing "any street or bridge," and was not making any turn at a street intersection. He was not crossing a street when struck, but was crossing appellant's right of way, which is not in a street, and is inclosed with a wire fence. The ordinance has no application to the facts of this case, and the question of contributory negligence was for the jury. There was testimony which justified the finding that appellee was not guilty of contributory negligence.

If the facts had shown a case of negligence per se upon the part of appellee, appellant not only failed to ask a peremptory instruction, but requested charges on contributory negligence. One of the requested charges was copied bodily into the charge of the court, clearly indicating that the special charges were requested before the charge of the court was given. Appellant, having invited the charge submitting the question of contributory negligence to the jury, cannot now be heard to attack such submission. Poindexter v. Receivers, 101 Tex. 322, 107 S. W. 42; Alamo Beef Co. v. Yeargan, 123 S. W.

721; Railway v. West, 131 S. W. 839; Railway v. Rodriguez, 133 S. W. 690.

The evidence showed that appellee was running his car along a street in the city of San Antonio at the legal rate of speed, and was negligently struck by a locomotive belonging to appellant, which was running at a high rate of speed.

The motion for rehearing is overruled.

### Supplemental Opinion.

FLY, C. J. The writer of the opinions in this case intended to withdraw that part of the first opinion as to invited error, because he thought it in conflict with the opinions cited in the opinion on motion for rehearing, but neglected to do so, and there is an apparent inconsistency between the two opinions on the subject of invited error. The opinion of the court, however, as to invited error, is stated in the opinion on rehearing.