JUST v. HERRY. (No. 5423.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1915. On Motion for Rehearing, April 7, 1915.)

1. INSURANCE ⊜⇒188—ACTION FOR PREMIUMS —SUFFICIENCY OF PETITION.

A petition alleging defendant's indebtedness to plaintiff by reason of plaintiff's procuring the issuance of a life insurance policy on defendant's application and his delivery of the policy, whereby defendant became bound to pay the premium, a three-fourths interest in which belonged to plaintiff under his agency agreement, and the other one-fourth of which he had himself paid, and defendant's agreement to deliver a note for the amount, provided the insurance company was solvent, and alleging advice that it was solvent, stated a cause of action.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 402–407; Dec. Dig. ⊜⇒188.]

2. INSURANCE ⊜⇒188—ACTION—INSTRUCTION.

Where the issue was as to defendant's receipt and acceptance of the policy, a charge that although defendant had 40 days in which to accept or reject the policy, yet if he accepted and receipted therefor within that time and agreed to pay the premium, plaintiff might recover, unless he had fraudulently misrepresented the contents of the policy or fraudulently secured the signing of defendant's receipt and acceptance, was not objectionable as making the receipt conclusive, as it also required a finding of defendant's acceptance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 402–407; Dec. Dig. ⊜⇒188.]

3. TRIAL ⊜⇒251—INSTRUCTION—ISSUES—CONDITION PRECEDENT.

In such action, where defendant did not contend that a condition that advice that the insurer was solvent, made a condition precedent to his acceptance of the policy, had not been complied with, there was no error in a charge omitting mention of such condition precedent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. ⊜⇒251.]

4. APPEAL AND ERROR ⊜⇒1064 — HARMLESS ERROR—INSTRUCTIONS.

Error, if any, in omitting reference to such condition precedent, which would not have affected the result, would not justify a reversal of a judgment for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ⊜⇒1064.]

5. INSURANCE ⊜⇒188—ACTION FOR PREMIUM —SUFFICIENCY OF EVIDENCE.

In an insurance agent's action for the amount of the first premium due on a policy delivered to, receipted for, and accepted by defendant, alleged to be due under the agent's contract with his company, and his advance of a part of the premium, evidence *held* to sustain a verdict for him.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 402–407; Dec. Dig. ⊜⇒188.]

On Motion for Rehearing.

6. APPEAL AND ERROR ⊜⇒882—PARTY ENTITLED TO ALLEGE ERROR.

Where defendant requested charges permitting the jury to pass on issues of fact which he claimed were such as to entitle him to a judgment, he could not urge on appeal that there was no evidence to justify their submission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⊜⇒882.]

7. APPEAL AND ERROR ⊜⇒1002—VERDICT — CONCLUSIVENESS.

It is the province of the jury to weigh the testimony and choose between conflicts and inconsistencies therein, and it is immaterial whether the appellate court would have taken their view of it as an original proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⊜⇒1002.]

Appeal from Guadalupe County Court; J. M. Woods, Judge.

Action by Chris Herry, Jr., against August Just. Judgment for plaintiff, and defendant appeals. Affirmed.

Dibrell & Mosheim, of Seguin, for appellant. H. M. Wurzbach and Jas. A. Harley, both of Seguin, for appellee.

MOURSUND, J. [1] Appellee sued appellant for $208.35, alleging: That said indebtedness accrued by reason of his having, as agent of the Amicable Life Insurance Company of Waco, procured the issuance of a policy upon the life of the defendant for $5,000, pursuant to written application by defendant, and delivered said policy, whereby defendant became bound to pay the premium, which amounted to $208.35; that a three-fourths interest in said premium belonged to plaintiff by virtue of his agreement with the company, and that he became the owner of the other one-fourth by paying such amount to the company after defendant had signed a certain policy receipt, and had accepted the policy and agreed to sign and deliver to appellee his promissory note for

the amount of the premium, provided Chas. E. Tips, of Seguin, would advise defendant that said company was a good company, or a solvent company in good standing; that said Tips did, by a letter duly received by defendant, advise him that the company was as "good a Texas company as can possibly be," and that he had made no mistake in placing his insurance in that company.

Defendant Just filed a general demurrer, several special exceptions, and an answer to the merits, in which he denied that he executed to plaintiff or the company any note or other instrument whereby he obligated himself to pay any sum to plaintiff or said company, and alleged that the policy receipt was obtained from him by means of fraudulent representations. He alleged further that he was to have 41 days in which to have the policy examined and determine whether he would accept it, and that plaintiff refused to let him have the policy for such purpose, unless he signed a receipt for same, so that, as stated by plaintiff, if it was not satisfactory, the receipt would secure its return to plaintiff; that defendant is unable to read and write the English language, and the nature of the receipt was misrepresented by plaintiff; that the policy was not in accordance with the promises and representations made by plaintiff. Defendant then took up each allegation of plaintiff's petition, admitting those relating to plaintiff's agency and authority, but putting in issue practically all of the material allegations.

Plaintiff by first supplemental petition alleged that he paid the $52.10 to the company at the instance and request of defendant. The trial resulted in a verdict and judgment in favor of plaintiff.

The first assignment of error complains of the overruling of the general demurrer. No proposition is submitted under such assignment. We are of the opinion that plaintiff's pleadings state a cause of action, and therefore overrule the assignment.

The second and third assignments are based upon the overruling of special exceptions. The pleading is sufficiently definite to apprise the defendant of the nature of the cause of action alleged. It is clear that the note was not sued upon, as it was expressly alleged that no note had ever been executed. Plaintiff alleged a completed contract of insurance which could be avoided only upon one condition, namely, that Tips should refuse to state that the company was solvent. He alleged that it was further agreed that, upon Tips declaring the company to be solvent, defendant was to give his note payable on August 1, 1913; that Tips did state to defendant that the company was solvent; and that thereupon defendant refused to give a note for the indebtedness. Plaintiff further alleged that he was the owner of the indebtedness sued for, and not the company, and alleged the facts upon which he based such claim of ownership, which facts we consider sufficient to substantiate his claim. The assignments are overruled.

There is no fourth assignment of error.

[2, 3] The fifth complains of the giving of a special charge. Two objections were made to said charge; the first being that it makes the receipt for the policy conclusive. The charge provided that although defendant had 40 days within which to accept or reject the policy, if he accepted and receipted for the same before the expiration of the time and agreed to pay the premium on August 1, 1913, then to find for plaintiff, unless the jury found that plaintiff fraudulently misrepresented the contents of the policy or "fraudulently secured the signing of said receipt and acceptance." It is clear that this charge did not make the receipt for the policy conclusive, but required a finding that defendant accepted the policy, and also that he receipted for it. The second objection is, as stated by defendant:

"That the uncontradicted evidence shows that, at the time the policy receipt was executed by defendant, he had not accepted the policy, but something more was to be determined before defendant was satisfied to accept the policy, viz., the standing or solvency of said insurance company was to be determined."

Plaintiff alleged the acceptance of the policy at the time the receipt was signed, but with the condition that such acceptance would not be binding, unless Tips expressed a favorable opinion in regard to the solvency of the company. The evidence is undisputed that Tips did express a favorable opinion, and no issue was made in the pleadings upon that point. The condition was one which, if not fulfilled, would defeat the acceptance; and, as no contention was made that it was not complied with, we do not think the court erred in omitting the mention thereof in his charge.

[4] But, if the charge was erroneous in the respect mentioned, such error is one which could not have affected the result, and would not justify the reversal of the judgment. The assignment is overruled.

[5] The sixth assignment questions the sufficiency of the evidence to sustain the judgment. Appellee's testimony made out a case in accordance with his pleading. His pleading was to the effect that there was a delivery to appellant of the policy and an acceptance thereof, subject to Tips' approval of the financial standing of the company, and that it was only delivered back to appellee to carry to Tips and leave it with him for his examination. Appellee testified that appellant kept the policy from February 10, 1913, the date when he signed the receipt, until the latter part of February, and then requested appellee to carry it to Tips. He further testified that on February 10th he informed defendant that he would advance the premium to the company, and that defendant should give him a note payable August

1, 1913, but that defendant did not have to take the policy, unless Tips said the company was a good or solvent company. He testified that he explained the policy receipt fully to defendant; that he read it over to him, and also translated it into German. The policy receipt signed by defendant was to the effect that he had received and examined the policy; that it was in accordance with his application; and that he accepted it. Defendant testified that the receipt was misrepresented to him, and that about February 27th or 28th he told plaintiff he did not want the policy because it was not as represented, and gave it back to plaintiff. Tips testified that plaintiff left the policy with his bank to be delivered to defendant upon his signing a note left there by plaintiff with the policy. This testimony of Tips does not accord with that of plaintiff, and tends to corroborate defendant in his contention that there was no such acceptance of the policy, as was testified to by plaintiff. But this issue was submitted in a charge prepared by defendant and given at his request, and the jury was also instructed at defendant's request that if, before 40 days expired, defendant delivered the policy back to plaintiff, and plaintiff left it with Tips, with instructions to deliver it to defendant upon his signing a note for $208.35, and if they found that the note was never signed and the policy never delivered to defendant by Tips, then to return a verdict for defendant. The jury decided in favor of plaintiff, and we conclude that the judgment should be affirmed.

Judgment affirmed.

## On Motion for Rehearing.

[6] No request was made by defendant for a peremptory instruction; on the contrary, he requested that four special charges be given, which request was granted. By these charges the jury was required to pass upon the issues of fact upon which he contends, upon this appeal, that the evidence is of such a character as to entitle him to a judgment. Having participated in having these issues submitted to the jury, he cannot be heard to say there was no evidence to justify their submission. I. & G. N. Ry. Co. v. Walker, 162 S. W. 921; Poindexter v. Kirby Lumber Co., 101 Tex. 326, 107 S. W. 42; St. Louis, B. & M. Ry. Co. v. West, 131 S. W. 841; Alamo Dressed Beef Co. v. Yeargan, 123 S. W. 723. But we are of the opinion that appellant's contention would be without merit even had he requested a peremptory instruction, and assigned error upon the failure of the court to give it, for the evidence is conflicting upon the points relied upon by him.

[7] The main issue in this case, as made by the pleadings, was whether appellant accepted the policy and agreed to pay the premium. Upon this issue there was a direct conflict between his testimony and that of appellee. There was also a direct conflict concerning the purpose for which the policy was redelivered to appellant, and appellee's testimony on this point, and as to what he told Tips, is inconsistent with Tips' testimony. The jury evidently believed that appellant accepted the policy upon condition that the acceptance would not oe binding unless Tips approved the company; that it became his property; and that no rescission of the trade took place. The evidence was undisputed that Tips expressed a favorable opinion in regard to the solvency of the company. The jury doubtless decided that Tips was mistaken about the instructions given him by appellee. It was the province of the jury to weigh the testimony, and choose between conflicts and inconsistencies therein, and it is immaterial whether or not we would have taken their view of it as an original proposition.

We adhere to our former conclusion that no error is shown which requires or justifies a reversal of the judgment. The motion for rehearing is overruled.