GESTEAN et al. v. BISHOP et al. (No. 498.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1916.)

1. APPEAL AND ERROR ⚖➝882 — INVITED ERROR.

Where the assignments of error questioned the portions of the trial court's general charge, but plaintiffs in error unconditionally requested a charge, which was given, containing the same vice and in harmony with the charge attacked, plaintiffs in error were precluded from complaining of the charge given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⚖➝882.]

2. TRIAL ⚖➝258—INSTRUCTION—CONDITIONAL REQUEST.

If plaintiffs in error desired a requested charge to be given only if their more favorable charges were refused, a conditional request for its submission should have been made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 646, 647; Dec. Dig. ⚖➝258.]

3. COURTS ⚖➝247 — CERTIFIED QUESTIONS — APPELLATE JURISDICTION.

Where dissent to the majority opinion is not on a question of law material to the decision, a motion to certify will be overruled.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. ⚖➝247.]

Error from District Court, El Paso County; M. Nagle, Judge.

Action by Clark Bishop and others against Anna Gestean and others. Motion by defendants, plaintiffs in error, to certify the cause to the Supreme Court upon the dissent of Chief Justice Harper (181 S. W. 480) from the majority opinion (180 S. W. 302) of the Court of Civil Appeals. Motion overruled.

Coldwell & Sweeney, of El Paso, for plaintiffs in error. F. G. Morris and M. W. Stanton, both of El Paso, for defendants in error.

HIGGINS, J. [1, 2] Plaintiffs in error have filed a motion to certify, based upon the dissent of Chief Justice Harper from the conclusion reached by the majority, as stated in his dissenting opinion herein. It is thus material to determine whether Judge Harper is in disagreement with the majority upon any question of law material to the decision.

Plaintiffs in error, by their assignments of error, question the correctness of those portions of the court's general charge which read:

"You are instructed that the issues of fact for you to determine, under defendant's plea of the statute of limitation of ten years, are: Were the defendants Daniel A. Gestean and Mrs. Anna Gestean in peaceable and adverse possession of the lands in controversy, using, cultivating, or enjoying the same, and claiming title thereof for ten consecutive years for any period of time prior to the 25th day of May, 1907, the date of the filing of plea of intervention by defendant Daniel A. Gestean in suit of Clark Bishop and others against Winn & Thorne? * * *

"Now, if you find from a preponderance of the evidence that the defendant Mrs. Anna Gestean and her vendor, the said Daniel A. Gestean, were in peaceable and adverse possession of the lands in controversy, under a claim of ownership, cultivating, using, or enjoying the same for ten consecutive years prior to the 25th day of May, 1907, you will find for the defendant Mrs. Anna Gestean; but, should you not so find you will find for the plaintiffs."

Upon examination of the record, we find that plaintiffs in error unconditionally requested the court to give the following special charge:

"If you believe and find that defendants at any time prior to the 25th day of May, 1907, went into or took actual, adverse, and exclusive possession of the premises in controversy by inclosing the same with a fence, and that thereafter they continued for the full period of ten years prior to May 25, 1907, to occupy and to cultivate, use, or enjoy the property, and that their possession thereof was actual, hostile, visible, exclusive, and adverse to the claim and title of plaintiffs for the full period of ten years prior to said May 25, 1907, then your verdict should be for the defendant Anna Gestean."

This charge was given by the court as requested. It is well settled that a party cannot complain of instructions containing a vice common to and which is in harmony with one given at his own instance. Lackey v. Bennett, 65 S. W. 651; Poindexter v. Receivers, etc., 101 Tex. 322, 107 S. W. 42; Railway Co. v. Sein, 89 Tex. 66, 33 S. W. 215, 558; Railway Co. v. Stillwell, 46 Tex. Civ. App. 647, 104 S. W. 1071; Thompson v. Planters, etc., 48 Tex. Civ. App. 235, 106 S. W. 470. It is thus plain that the error in the court's charge, if any, was invited by plaintiffs in error, and they are precluded from complaining thereof.

There were other charges in the record requested by plaintiffs in error, presenting the issue of limitation from a more favorable standpoint, which were refused by the court. The special charge which we have quoted, however, was unconditionally requested, and plaintiffs in error cannot complain if the court selected and gave the charge requested by them upon the issue of limitation which was least favorable to them. If plaintiffs in error desired the above-mentioned instruction to be given in the event only their more favorable charges upon the issue were refused, then a conditional request to that effect should have been made for its submission. Railway Co. v. Maples, 162 S. W. 426; Alamo, etc., v. Yeargan, 123 S. W. 721; Alamo, etc., v. Curvier, 136 S. W. 1132; Hill, etc., v. Gathings, 154 S. W. 664; Railway Co. v. Crosson, 39 Tex. Civ. App. 369, 87 S. W. 867.

For the reason indicated, the entire court is of the opinion that plaintiffs in error are precluded from complaining of the error, if any, in the court's charge, and their assignments of error are therefore without merit and should be overruled.

[3] In view of the conclusion now reached, the disagreement of Chief Justice Harper from our original opinion is not upon a question of law material to the decision, and the motion to certify will therefore be overruled.