## CROWLEY MERCANTILE CO. v. BRENARD MFG. CO. (No. 389.)

(Court of Civil Appeals of Texas. Waco. July 1, 1926. Rehearing Denied Oct. 7, 1926.)

**1. Monopolies ⚌17(2).**

Contract making defendants exclusive agents for sale of phonographs within certain city for three-year period, and not fixing selling price, *held* not to violate anti-trust laws.

**2. Commerce ⚌40(3).**

Contract by which foreign corporations appointed defendants engaged in mercantile business within the state their exclusive agents for three-year period for sale of phonographs *held* to involve interstate commerce.

**3. Principal and agent ⚌103(6).**

Phonograph manufacturing company *held* not bound by act of agent in fixing price at which machines were to be sold, where he was acting beyond apparent scope of his authority.

**4. Appeal and error ⚌882(11).**

Contention that there was no evidence to support jury's finding that agent was not acting within apparent scope of authority in fixing price at which phonographs were to be sold *held* unavailable to defendants, where issue was submitted at their request.

**5. Principal and agent ⚌115(2).**

Testimony as to agreement by phonograph company's agent to help defendants in selling phonographs *held* inadmissible, where it did not appear that agent had authority to bind principal by such agreement.

**6. Principal and agent ⚌120(1).**

On issue as to whether phonograph agent acted within his authority in making sales contract, evidence showing limitation of agent's authority *held* admissible.

**7. Trial ⚌85.**

Where certain portions of agent's report to principal in making sale contract were admissible, objection to it as a whole *held* properly overruled.

**8. Appeal and error ⚌1052(5).**

Any error in permitting reading of phonograph agent's report denying making of verbal sales agreement *held* harmless error, where jury found agent had made verbal contract.

**9. Sales ⚌426.**

Agreement, in sales contract, to take phonographs back if dealer could not sell them *held* not binding on seller, where dealer failed to comply with agreement on his part.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by the Brenard Manufacturing Company against the Crowley Mercantile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 260 S. W. 246.

Marvin H. Brown, of Fort Worth, for appellant.

James & Conner and Baylor B. Brown, both of Fort Worth, for appellee.

BARCUS, J. This suit was instituted by appellees against appellants on six notes dated September 12, 1920, totaling $422, together with interest and attorney's fees. The cause was tried to a jury, and in accordance with the answers to special issues submitted judgment was entered for appellees for the amount sued for. Appellees, a partnership, were engaged in the phonograph business in Iowa. Appellants, a partnership, were engaged in the mercantile business in Crowley, Tex. Appellants admitted appellees' cause of action, except in so far as they might defeat same by their defensive pleas.

At the time of the execution of the notes A. L. Mitchell, as agent for appellees, entered into a written contract with appellants, subject to the approval of appellees, under the terms of which appellants purchased three Golden Throat claxtonolas and 12 double disc ten inch records; the contract stating that the retail price thereof was $562 and that the net price to the dealer was $422. It provided that appellants were granted the exclusive agency for appellees' Golden Throat claxtonola phonographs in the city of Crowley for a period of three years; that on all future orders appellants should have a discount of 40 per cent. on the retail price if paid within 90 days and an additional 25 per cent. if cash accompanied the order; that if appellants agreed with all of the terms of the contract and were unable to sell the goods purchased under said order for $422, appellees would either pay the difference or would take the goods and return the $422. The contract provided that appellants were to pay the notes as they fell due, and, in addition, were to furnish names of prospective purchasers each 60 days, in order that appellees might mail them literature, and that appellants should use due diligence to sell the claxtonolas and keep them on display.

Appellants contend that they are not liable because the contract is in violation of the anti-trust statute in that at the time it was made the agent, Mitchell, and appellants entered into an oral contract, under the terms of which the retail prices of the articles of merchandise at which appellants were required to sell were fixed, and appellants were made sole and exclusive agents in their territory. They further claim that the contract was unenforceable because of certain false and fraudulent promises made by Mitchell, as agent for appellees, to the effect that he would return within a few weeks and sell the goods for appellants, and that he failed and refused so to do. They further claim that they complied with their part of the contract and

made diligent effort to sell the claxtonolas and were unable to sell any of them, and that appellees were under their contract obligated to receive the claxtonolas and cancel the notes.

In response to special issues the jury found that appellees had and that appellants had not in good faith carried out their part of the contract; that Mitchell entered into an oral contract with appellants, fixing the price at which they should sell the goods, but that at the time he made said oral contract he was not acting within the scope or apparent scope of his authority.

[1, 2] The transaction involved in this litigation was clearly interstate commerce. This is the second appeal of the cause. It was held on the former appeal that under the terms of the written contract there was no fixing of a selling price, and that the fact that the contract made appellants the exclusive agents of appellees to handle the goods for a three-year period did not violate the anti-trust statutes. Brenard Mfg. Co. v. Crowley Merc. Co. (Tex. Civ. App.) 260 S. W. 246; Albertype Co. v. Gust Feist Co., 102 Tex. 219, 114 S. W. 791. We agree with these holdings.

[3, 4] Appellants contend that the contract is against the anti-trust laws because the jury found that Mitchell, as agent for appellees, entered into a contract with appellants fixing the price at which appellants were required to sell the merchandise. At the special request of appellants the court submitted the issue to the jury as to whether Mitchell at the time he made the oral contract was acting within the scope or apparent scope of his authority, which the jury answered "No." It is a well-settled principle of law that a party dealing with the agent of another is charged with notice thereof and with the limitation of the agent's authority, and unless the agent is dealing within the scope or apparent scope of his authority, his acts are not binding upon his principal. Morgan v. Harper (Tex. Com. App.) 236 S. W. 71; Overton v. First Texas St. Ins. Co. (Tex. Civ. App.) 189 S. W. 514. Since the jury found that Mitchell was acting neither within the scope nor apparent scope of his authority, appellees were not bound by said oral contract. Appellants contend there is no evidence to support the jury's finding that Mitchell was not acting within the scope or apparent scope of his authority. They are not in a position to raise this question, since the issue was submitted at their special instance and request. Poindexter v. Receivers of Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; Guaranty State Bank v. Roark (Tex. Civ. App.) 243 S. W. 591; Sanford v. Nueces River Valley Ry. Co. (Tex. Civ. App.) 143 S. W. 329; Lake v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1011. We think, however, the evidence is sufficient to sustain the jury's finding on this issue.

[5] Appellants assign error to the action of the trial court in excluding the testimony of appellant Chapman, who made the contract with Mitchell, to the effect that at the time the contract was made Mitchell told Chapman that if he would sign the contract that he (Mitchell) would be back in two weeks and sell the machines himself, and that Mitchell never did come back. This question was, we think, properly disposed of in the former appeal. There was no evidence even tending to show that Mitchell had any authority to make any such agreement binding upon appellees. We overrule this assignment.

[6] Appellants complain of the action of the trial court in permitting the witness T. O. Loveland, one of appellees, to testify as to the terms under which Mitchell was employed by them and the limitations of his powers to bind them as their agent, on the ground that it would not be binding upon appellants. We overrule this assignment. Appellants had raised the issue and claimed that Mitchell had made certain verbal contracts and agreements with them, and in response thereto appellees were entitled to testify what authority they had given him. It was a question for the jury to determine from all the testimony whether Mitchell in making the oral contract was acting within the scope or apparent scope of his authority, and the only way they could determine said issue was by hearing the testimony of the witnesses with reference thereto.

[7, 8] Appellants assign error to the action of the court in permitting appellees to read the report which Mitchell sent them at the time he sent in the contract in question. The objection was made to the report as a whole, and appellants' complaint in this court is only to that portion of the report which states, in substance, that he, Mitchell, had made no verbal or written agreement in securing the order other than is shown on the original order which was signed by the customer. We think certain portions of the report were admissible, and since appellants objected to it as a whole, the trial court did not err in overruling the objection as made. Dolan v. Meehan (Tex. Civ. App.) 80 S. W. 99; St. L. S. W. Ry. Co. v. Moore (Tex. Civ. App.) 173 S. W. 904. If we are, however, mistaken in this, if there was error it was harmless, since the jury found that Mitchell did make the oral contract.

[9] Appellants complain of the action of the trial court in refusing to render judgment for them because of the guaranty which appellees made to appellants that if they failed to sell the claxtonolas they would take same back and pay to appellants the $422. This portion of the contract states that said agreement was made on the condition that appellants complied with all the terms of the contract as imposed upon them, and since the jury found that appellants had failed to comply with their part of the contract, appellees were released from said obligation.

We have carefully read the record and

think the answers of the jury to the issues submitted are supported by the testimony. We have examined all of appellants' assignments of error, and same are overruled.

The judgment of the trial court is affirmed.