REDDELL v. O'FIEL et al.    (No. 1100-5010.)

Commission of Appeals of Texas, Section A.
May 16, 1928.

1. Appeal and error ⟜882(11)—Defendants, whose issue was not submitted substantially as requested, held not estopped from asserting verdict was against preponderance of evidence.

Where issue was not submitted in form prepared by defendants, nor exact subject-matter of request was submitted in charge prepared by trial court, defendants were not estopped from asserting that verdict on that issue was against preponderance of evidence.

2. Courts ⟜247(7)—Decision that verdict for plaintiff was against preponderance of evidence held not in conflict with decisions that party whose requested issue is submitted is estopped to question sufficiency of evidence.

Decision of Court of Civil Appeals that verdict for plaintiff in respect to certain issue was against preponderance of evidence held not in conflict with decisions of other Courts of Civil Appeals that a defendant whose requested submission has been given as prepared is estopped to object on appeal that testimony is not sufficient to raise issue, where issue was not submitted in form or substance as prepared by defendants.

3. Appeal and error ⟜1094(5)—Whether evidence so preponderates against verdict as to justify setting it aside is without Supreme Court's jurisdiction.

Question whether evidence so preponderates against the verdict as to justify Court of Civil Appeals in setting it aside on that ground is without the jurisdiction of the Supreme Court.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Ada Reddell against David E. O'Fiel and another.    Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (298 S. W. 142), and plaintiff brings error.    Affirmed.

T. E. Welch and C. A. Lord, both of Beaumont, for plaintiff in error.

James A. Harrison, Howth, Adams & Hart, and David E. O'Fiel, all of Beaumont, for defendants in error.

NICKELS, J.    The opinion of the Court of Civil Appeals is reported at page 142 et seq. of 298 S. W. and to it we refer for a general statement of the case.

Defendants in error requested (and the trial judge refused) submission of this "issue":

"Did W. L. Reddell, in the presence of his wife, Ada Reddell, after the $1,000 was deposited with David E. O'Fiel, and before the trials of the prosecutions against W. L. Reddell and Ada Reddell were had and disposed of, agree with David E. O'Fiel that the $1,000 should

be held until said cases were disposed of, and that defendants" (i. e. O'Fiel et al.) "should retain and deduct therefrom the reasonable value of their services?"

The trial judge prepared and submitted an "issue" in these words:

"Did Mrs. Ada Reddell, alone or together with her husband, W. L. Reddell, agree that the $1,000 so deposited was to be kept and held by Howth & O'Fiel, and that, at the conclusion of the legal services, if any, that should be rendered by said Howth & O'Fiel, the fees for such services, if any, should be taken out of, or reserved out of, said $1,000 by the said Howth & O'Fiel?"

The jury answered the question submitted "No"; the Court of Civil Appeals held the answer "is overwhelmingly opposed" to "the evidence bearing upon" the matter of the "issue," and thereupon reversed the judgment and remanded the cause.

Upon supposed authority of Poindexter v. Receivers of Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; Sanford v. Nueces River Valley R. Co. (Tex. Civ. App.) 143 S. W. 329; Gosch v. Vrana (Tex. Civ. App.) 167 S. W. 757; Lake et al. v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1011; Lewis v. Pitts (Tex. Com. App.) 275 S. W. 473; Crowley Merc. Co. v. Brenard Mfg. Co. (Tex. Civ. App.) 287 S. W. 127; and Hardin v. Rust (Tex. Civ. App.) 294 S. W. 625, it is asserted by Mrs. Reddell that O'Fiel et al. are estopped by their request for the special "issue" first described above. It is asserted, also, that the decision of the Court of Civil Appeals is in conflict with those in the cases cited above (except Crowley Merc. Co. v. Brenard Mfg. Co. and Gosch v. Vrana); writ of error was allowed, principally, upon the contention of that conflict.

In Poindexter v. Receivers of Kirby Lumber Co. (submitted on a general charge) a "special charge," asked by the complaining party, was given by the court, "in which both grounds of recovery were coupled together substantially as they were in the general charge." Likewise in Sanford v. Nueces River Valley R. Co. special charges requested were given, and therein was embodied the "issue" whose resolution by the jury was said to be without support in the evidence. The party complaining on appeal in Gosch v. Vrana, Lake v. Jones Lumber Co., Lewis v. Pitts, and Crowley Merc. Co. v. Brenard Mfg. Co., respectively, had in some manner requested and secured submission of the very issue whose submission (or whose answer) was later said to lack warrant in the evidence. In Hardin v. Rust, it appears, a party had requested submission of an issue; the request was refused, and the judge made a finding of fact on the subject; on appeal that party undertook to question whether the issue was raised in testimony. In each of the cases (except the last), it will be noted, there was an actual submission, on request, of the very thing in issue; and in Poindexter v. Receivers of Kirby Lumber Co. the charge as prepared by the complaining party was itself submitted.

The whole line of decisions by the Courts of Civil Appeals appears to be founded on Poindexter v. Receivers of Kirby Lumber Co. It may well be doubted whether that case is authority for the propositions announced in the later cases (except Sanford v. Nueces River Valley R. Co.), but that point is not now directly involved. In most, if not all, of the cases cited (except Poindexter v. Receivers of Kirby Lumber Co. and Sanford v. Nueces River Valley R. Co.) the complaint made was in fact examined on its merits, and various reasons (aside from estoppel) were given for the rulings made.

[1, 2] In the present case "issue" as requested was not submitted in the form prepared, as in Poindexter v. Receivers of Kirby Lumber Co. and in Sanford v. Nueces River Valley R. Co.

Nor was the exact subject-matter of the "issue" thus prepared and requested submitted in a charge prepared by the judge as in the other cases (except Hardin v. Rust). This is true, because an inquiry whether "W. L. Reddell, in the presence of his wife," made a certain agreement, is not the same as an inquiry whether "Mrs. Ada Reddell, alone or together with her husband, W. L. Reddell," made a somewhat similar agreement. And in the present case the point urged and decided by the Court of Civil Appeals was that the verdict (in this respect) is against the preponderance of evidence, and not (as in Hardin v. Rust) that there is no evidence to raise the issue.

In our opinion, there does not exist a conflict of decision within the meaning of the statute. Garitty v. Rainey, 112 Tex. 369, 247 S. W. 825.

And in the cases cited, or otherwise, we perceive no just ground for holding defendants in error estopped to question the verdict.

[3] Of course, the question whether the evidence so preponderates against the verdict as to justify the Court of Civil Appeals in setting it aside on that ground is without the jurisdiction of the Supreme Court.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.